### Andrew Gooden et al. v. John Vinke et al.

1. RECEIVER—*In Mortgage Foreclosure.*—Ordinarily in foreclosure proceedings a receiver will not be appointed unless the mortgaged premises are insufficient security for the debt, and the party personally liable for the debt is either insolvent or of very questionable responsibility.

2. SAME—*Power to Lease Premises.*—A clause in an order appointing a receiver in a foreclosure proceeding giving him power to lease the premises for a term not exceeding a year, for such rentals " as he shall deem advisable and just," without notice to the mortgagor or holder of the legal title, and without an order of court made upon notice allowing an opportunity to be heard, is too broad. If it were in the power of the receiver to lease at will, if the debt should be paid or redemption undertaken, injustice might be done.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed in part and reversed in part, with directions. Opinion filed February 13, 1900.

SAMUEL J. HOWE, attorney for appellants.

SMITH, BLATCHFORD & TAYLOR, attorneys for appellees; EDWIN BURRITT SMITH, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver. Appellees filed a bill to foreclose a mortgage,

and, pending the foreclosure, the order in question was entered.

The trust deed provides that in case of default, the trustee may take possession of the premises, and rent the same "upon such terms as to him shall seem best," make repairs, effect insurance, pay taxes and assessments, and do other things necessary for proper protection of the property.

The affidavits upon which the application for the receiver are based relate solely to the value of the property, and tend to show that the latter is inadequate security for the mortgage debt. This is contradicted by numerous affidavits filed in behalf of appellants, but upon the showing made we can not say that the chancellor did not exercise a just discretion in concluding, as he seems to have done, that the adequacy in value was so uncertain as to make the appointment proper for the protection of the mortgagee's interests.

While it is true that the trust deed does not in express terms authorize the appointment of a receiver, it does authorize the trustee to take possession of the mortgaged premises upon default, as above stated. In such cases upon refusal of the trustee to act, it is said a court of equity may appoint a receiver, independently of any question of depreciation of the property. High on Receivers, Sec. 641, 3d Ed. An appointment may also be made in such case even though it does not appear whether the party personally liable is or is not insolvent. Jones on Mortgages, 1515 (1st Ed.). Ordinarily, however, it will not be done unless the mortgaged premises are insufficient security for the debt, and the party personally liable for the debt is either insolvent or of very questionable responsibility. Haas v. Chicago Building Soc., 89 Ill. 498 (302).

While we are of opinion, therefore, that the appointment of a receiver in this case is proper, it does not necessarily follow that upon a mere showing by affidavit of facts which may be sufficient to sustain a presumption that the security is inadequate, the receiver should be allowed to exercise an unlimited discretion or appropriate the rents and profits without an express order of court. The maker of the trust

deed and note, may, if he chooses, authorize the trustee to take possession and do whatever "to him shall seem best." But it does not follow that a receiver appointed by order of court over the objection of the mortgage debtor should possess the same powers. The latter is an officer of the court, and although accountable thereto for all his acts as such receiver, is not the appointee of the owner of the property. We are of the opinion that the clause in the order of appointment giving him power to lease the premises for a term not exceeding a year and for such rentals "as he shall deem advisable and just," without notice to the mortgagor or holder of the legal title and without an order of court duly entered upon such notice and an opportunity to be heard, is too broad. If the debt should be paid or redemption be undertaken injustice might be done if it was in the power of a receiver to lease at will. Silverman v. N. Y. M. L. Ins. Co., 5 Ill. App. 124. If a lease is to be made, it should be by order of court so authorizing upon due notice. As it is, the decree vests the receiver with a power which the court should retain in its own hands.

The same is true as to that part of the order directing the receiver to pay interest on the note secured by the trust deed sought to be foreclosed. While the trustee is by the trust deed, and the receiver may be authorized to " collect all rents, issues and profits," their disbursement for such special purpose, except for the protection and preservation of the property, should likewise be upon express order of court upon proper notice.

In these respects we are of opinion the order should be modified. The decree appointing the receiver is therefore affirmed, excepting so much thereof as authorizes the receiver to lease said premises at his own discretion and for such rentals as he may deem just, and directs payment of interest on the note secured by the trust deed sought to be foreclosed.

As to those portions the decree is reversed, with directions to the Circuit Court to so modify it as not to be inconsistent with the views herein expressed. Affirmed in part and reversed in part, with directions.