SOUTHERN BUILDING & LOAN ASS'N v. CAREY et al.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1902.)

No. 1,013.

MORTGAGES — FORECLOSURE — RECEIVERS — DEFICIENCY — APPLICATION OF RENTALS.

A bill to foreclose a trust deed averred that the taxes were unpaid, and a receiver was appointed, with authority to rent the premises. Afterwards the mortgaged property was sold for a sum not sufficient to satisfy the debt. The receiver's report showed a balance in his hands after the payment of the taxes and certain other expenses. There was no proof that the mortgagors were insolvent, and no steps had been taken to reach the rents and profits on that ground. *Held*, that the balance in the receiver's hands should be paid to the mortgagors, and could not be applied on the unpaid balance due the mortgagee.

Appeal from the Circuit Court of the United States for the Western District of Tennessee.

The bill in this case was filed in the circuit court by the Southern Building & Loan Association against Joseph P. Carey and Emma A. Carey, his wife, seeking the foreclosure of two trust deeds executed by said Carey and wife in favor of the appellant, one for $1,700, and the other for $1,000, secured on certain premises belonging to Emma A. Carey. Among other allegations of the bill there was an averment that the taxes were unpaid, and upon an application to the court a receiver was appointed, with authority to rent the premises. Issues were made, and upon trial a decree was rendered in favor of the building and loan association upon both trust deeds, and the property was put up for sale, and did not sell for enough to pay both incumbrances by the sum of $1,132.22. The report of the receiver, being duly filed, showed a balance in his hands after the payment of taxes and certain other expenses. Upon hearing, the circuit court ordered the balance in the hands of the receiver to be paid over to Emma A. Carey. Error was assigned to the action of the court in thus applying this balance of rentals, and in failing to apply the same upon the unpaid balance of the decree.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

DAY, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

This case presents the single question as to whether the court committed error in ordering the balance of rentals in the receiver's hands to be paid to Emma A. Carey, instead of making application thereof upon the unpaid balance of the plaintiff's decree. It is the claim of the appellant that a court of equity may, upon a showing of the insufficiency of the security for the payment of the mortgaged indebtedness, appoint a receiver for the purpose of reaching, not only the body of the premises mortgaged, but the rentals thereof as well. This is undoubtedly the practice of courts of equity where a sufficient showing is made that the mortgaged premises will not be sufficient to pay the debt, and that the mortgagor, or other person primarily liable for the indebtedness, is insolvent and unable to make good the deficiency in the security. The rule is thus stated in High, Rec. § 666:

"Stated in general terms, the well-established rule, deducible from the clear weight of authority, is that, in all cases where the rents of the prop-

erty are not specifically pledged for the security of the debt, to entitle a mortgagee to a receiver of the mortgaged premises, and of the rents and profits, he must show—First, that the property itself is an inadequate security for the debt, with interest and costs of suit; and, second, that the mortgagor or other person who is personally liable for the payment is insolvent, or beyond the jurisdiction of the court, or of such doubtful responsibility that an execution against him for the deficiency would prove unavailing. And this being shown, the courts will generally interpose and appoint a receiver. And it has been held that the aid of a receiver should be granted or withheld, according as it may or may not be an essential means to pay the indebtedness secured by the mortgage, and there can be no necessity for the relief, if the mortgagor is solvent and able to pay any deficiency."

We fail to find facts in the record in this case sufficient to bring it within the rule. The receiver was appointed upon the ground that the taxes were unpaid upon the mortgaged premises. This is a well-recognized ground of equity jurisdiction. High, Rec. § 672.

The order appointing the receiver in this case expressly provided that he should not take possession of the property until the expiration of 10 days from the date of the order, and that if in the meantime the defendants should pay the taxes and the costs and the charges for the collection thereof the order might be vacated. There is not apparent in the record any attempt to sequester the rentals on the ground that the principal in the obligation secured by the mortgage was insolvent, and the premises inadequate security for the payment of the mortgage loan. It is true that it is alleged in the bill that Carey and his wife are insolvent, and that the security of the mortgaged premises was insufficient, but no proof, so far as we have been able to discover, was offered in support of these allegations, and no attempt, for this reason, was made to secure the appropriation of the rentals by means of a receiver.

A receiver had been appointed, who, by the terms of the order, was not to take possession of the mortgaged premises except for the purpose of subjecting the rentals for the payment of taxes. He was appointed upon the allegations in the bill seeking the appointment of a receiver for the purpose of appropriating the rentals to the payment of taxes. In this state of the record, the court could do only the thing which was done, namely, order the balance to be turned over to Mrs. Carey as the owner of the fee of the mortgaged premises. This view of the case requires an affirmance of the judgment below, and renders it unnecessary to consider whether, in the absence of a conveyance of the rents and issues of the premises mortgaged, a court of equity could apply the same upon the mortgage debt as against a married woman, and one who, at least as to one of the trust deeds, had mortgaged her separate property as security for a debt of her husband in which she had no separate interest. Upon the state of the record disclosed, no proper steps having been taken to secure the rentals except for the single purpose which had been satisfied, the court did not err in ordering the balance in the receiver's hands to be paid to Mrs. Carey, the original owner of the fee.

Judgment affirmed.