## John A. Larson v. David West.

1. RECEIVERS—*What is Necessary Where Appointment is Sought upon Ex Parte Application.*—When a receiver is sought to be appointed upon an *ex parte* application, upon the ground of extreme necessity, the particular facts and circumstances rendering such summary proceeding necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the general rule requiring notice of the application.

2. SAME—*When Appointment Will be Made Before an Answer is Put In.*—A receiver is not usually appointed before an answer is put in, unless fraud is clearly proved by affidavit, or when it is shown that imminent danger would ensue if the property is not taken under the care of the court.

Bill for a Receiver.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the March term, 1903. Reversed. Opinion filed October 26, 1903.

Statement.—This is an appeal from an interlocutory order appointing a receiver on bill filed by appellee. The substance of the bill, as abstracted, is as follows:

"West is to furnish $800 to apply on contract and has furnished same; to give all his time to the work and superintend it in a satisfactory manner; is to take machinery at same price 'which we have paid for same,' and is to have one-half the profits. Larson is to handle all moneys, pay all bills and wages, furnish sufficient money to complete work, receive one-half the profits and one-half the present cost of the plant 'and deliver same to David West on completion of the above contract'—both equally responsible for any loss.

(Signed)    JOHN A. LARSON.
                    DAVID WEST."

"Larson & West made contract with the city of Elgin, copy shown as Exhibit A, and made part of bill, invested large sums of money buying and installing machinery and tools to carry out the Elgin contract. They performed a large part of the work. Controversies arose between them and the city of Elgin, and they were compelled to 'cease the construction of the work.' Officials of Elgin made proposition of settlement, proposition embodied in contract

shown as Exhibit B.    The city of Elgin owes the firm a large sum of money for work and material under the contract; there is at Elgin machinery, tools, etc.; there is deposited with the city of Elgin a certified check for $1,900 and cash $20, and held by the city under the terms of its contract.    No settlement of the partnership affairs have been made.    Larson has the firm's books, has collected all moneys 'that have been collected,' and has paid out all moneys; upon a just and true settlement Larson would owe West a large balance.    Larson threatens to complete the settlement shown by Exhibit B, to accept the $1,900 check and deliver to the city of Elgin all the machinery, tools and material now at Elgin—the plant and property is worth at least $4,000—and Elgin owes the firm at least $3,000.    If settlement is completed great loss will accrue to West, 'and your orator fears and charges that he is in danger' of losing his interest in the machinery, tools and merchandise, and in the moneys due the firm and all interest in the check for $1,900, and Larson ought to be enjoined from proceeding further with the settlement and a receiver for the partnership assets should be appointed."

The bill prays for an accounting, a receiver, and for general relief, and is sworn to.    The contract with the city of Elgin, referred to in and made a part of the bill, is of date August 4, 1902, and is for the construction of a shaft and certain tunnels in said city.    The contract price is $1,900, and the work, by the terms of the contract, was to have been completed by December 4, 1902.    The contract contains the following provision:

" If it appears to the city that the work is not progressing with sufficient rapidity, it may contract with others to complete the work."

The draft of agreement of settlement, made by reference a part of the bill, recites that Larson & West have dug forty-three feet of the shaft, have machinery and materials on the ground, have deposited a certified check for $1,900 and $20 in cash with the water commissioners, and desire to abandon the contract; and agrees that Larson & West may abandon contract, the city to keep and own all machinery and personal property, except new Nye pump, in lieu of damages sustained.    Larson & West to have returned to

them the $1,900 check and $20 cash. Boiler borrowed from Hammond Bros. not to go to city. Larson & West "hereby" receipt to said city in full of all claims. Agreement subject to approval of Elgin city council.

The draft of agreement is dated March 3, 1903. The bill was filed March 23, 1903, and on recommendation of a master a receiver was appointed the same day, without notice to appellant. The receiver qualified and March 26, 1903, filed a petition in the cause, averring that a large amount of property of Larson & West, consisting of machinery, tools and materials used in the construction of a certain shaft or tunnel, is in the possession of the city of Elgin (specifically describing the property), and the city also has in its possession a certified check for $1,900 and $20 cash belonging to said firm; that petitioner, March 21, 1903, made demand on the mayor, city clerk and water commissioners of said city to turn over to petitioner the said property, and they refused so to do. Petitioner prays that the mayor, city clerk and water commissioners (giving their names) may be made parties to the petition, and may answer the same, without oath, and for a rule on them to show cause why they should not be attached for contempt. Neither the city of Elgin nor any of its officers is a party to the bill.

EUGENE CLIFFORD, attorney for appellant.

Even if the bill had set forth special facts and circumstances upon which appellee based his alleged fear of loss and the court deemed them sufficient, an injunction would have served every purpose, and where an injunction will preserve the *status quo*, a receiver will not be appointed without notice. McCarthy v. Peake, 18 How. Pr. 140.

Even in exceptional cases of great emergency, when the relief is demanded for the prevention of irremediable injury, the courts are extremely adverse to interference *ex parte*, and will ordinarily entertain the application only after notice to defendant, or a rule to show cause. High on Receivers, Sec. 111, and authorities there cited.

The rule requiring notice is not a matter of discretion with the court, but one which the courts are not at liberty to disregard. And the fact that a receiver is appointed the same day the bill is filed, without notice, is sufficient ground of reversing the action of the court. High on Receivers, Sec. 112, and authorities there cited.

No appearance by appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The ground urged for a reversal of the order is that the. receiver was appointed without notice to appellant.

"When the relief is sought upon an *ex parte* application, upon the ground of extreme necessity, the particular facts and circumstances rendering such summary proceeding necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the general rule requiring notice of the application." High on Receivers, 3d Ed., Sec. 113, and cases in note 6, which fully support the text.

In Baker v. Administrator, etc., 32 Ill. 79, 115, the court say :

"A receiver is not usually appointed unless fraud is clearly proved by affidavit, or when it is shown that imminent danger would ensue, if the property is not taken under the care of the court before an answer is put in." See also English v. The People, 90 Ill. App 54, and Consolidated S. M. & M. Co. v. Loeber, 96 Ill. App. 128.

We are of opinion that no special facts or circumstances warranting the appointment of a receiver, without notice, are shown by the bill in this cause, and that the appointment of the receiver, without notice, was error. If, as averred in the receiver's petition, the property of the parties is in the possession of the city of Elgin, and the city proposed a settlement as averred in the bill, we are at a loss to understand why the city was not made a party to the bill. Had the city been made a party, and notice given it of the application for a receiver, it can hardly be pre-

sumed that it would have executed the draft of agreement of settlement pending the application.

No appearance has been entered or brief or argument filed for the appellee.

The order appointing the receiver will be reversed.