### Charles Glennon v. Walter W. Wilcox et al.
### George Christian, Appellee, v. Walter W. Wilcox, Appellant.

#### Gen. No. 16,847.

1. RECEIVERSHIPS—*what essential in foreclosure proceeding.* To warrant the appointment of a receiver in a foreclosure proceeding, two conditions are essential of concurrence, neither of which can be dispensed with: first, the debtor must be insolvent, and, second, the property on which the lien is sought to be enforced must be meagre and scant security for the debt. The petition praying for the receiver should aver these essentials and the proof establish them in order that the appointment may stand.

2. RECEIVERSHIPS—*how order of appointment must be sustained.* In chancery no presumption is indulged that the evidence heard was sufficient to authorize the entry of an order made. The evidence upon which the order is predicated should be preserved by certificate of evidence.

Foreclosure. Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed November 28, 1910.

**Statement by the Court.** This is an appeal by Walter W. Wilcox from an order appointing a receiver of the rents, etc., of certain improved real estate in a mortgage foreclosure proceeding in which appellee filed an intervening petition to enforce a mechanic's lien upon the mortgaged premises, and also asking for the appointment of a receiver.

The only question arising on this review is: Do the facts stated in the intervening petition, fortified by the affidavits and other proofs heard by the chancellor, justify the order of appointment?

The intervening petition sets forth *inter alia* that George Christian, the petitioner, entered into a written contract with Walter W. Wilcox to do the painting, decorating and varnishing and furnish materials therefor of certain buildings to be constructed on land described in the petition, and that in pursuance

of said contract work was done and materials furnished, for which petitioner received in part payment the sum of $718.50, and that $421.50 remains due and unpaid, claiming a mechanic's lien for the amount due. The petitioner further avers that certain parties have some interest in and to the premises described as purchasers, mortgagees, judgment creditors or otherwise, "but such interests, if any, have accrued since and are subject to the lien of petitioner;" prays that certain parties be made defendant and that they answer without oath; that an account be taken of the amount due petitioner; that he be decreed a lien therefor pursuant to statute; that Walter W. Wilcox be decreed to pay him the amount found due by a short day and that in default the premises may be sold, etc.; that in case of a sale and a failure to redeem defendants and all persons claiming under them be barred and foreclosed of all right of redemption and that a receiver may be appointed, and for other relief. This intervening petition is verified by the oath of petitioner. Subsequently petitioner filed his affidavit, stating that appellant Wilcox was insolvent, also setting forth that there were two trust deed encumbrances upon the property and mechanic lien claims aggregating several thousand dollars, and "that the encumbrances and claims against said property amount to its full value, and that the taxes assessed against said property for the year 1909 have not been paid and are now delinquent, and that the same amount to three hundred thirty-six and 40/100 ($336.40) dollars." The stipulation of the parties to this appeal admits that the chancellor heard the testimony of Walter W. Wilcox on the motion for a receiver.

ADAMS, BOBB & ADAMS, for appellant; JAMES B. WESCOTT, of counsel.

ATWOOD, PEASE & LOUCKS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

To warrant the appointment of a receiver in cases of the nature of the one under discussion two conditions are essential of concurrence, neither of which can be dispensed with. They are, first, that the debtor is insolvent, and, second, that the property on which the lien is sought to be enforced is meagre and scant security for the debt. It nowhere appears in the intervening petition, which is appellee's pleading, that Wilcox is either insolvent or that the premises on which appellee seeks to establish a mechanic's lien is insufficient security for his claims, which he avers is paramount to all other existing liens and encumbrances. While it is true that appellant's affidavit, submitted as proof upon the hearing of the motion, states the insolvency of Wilcox and that there exists several trust deed encumbrances and judgments and claims for mechanics' liens "which amount to its full value," it is not averred in the petition that the encumbrances or claims set forth are liens upon the premises over which a receivership is sought. Both the allegations and proofs fall short of meeting legal requirement justifying the appointment of a receiver. The ruling on this subject is fairly uniform in this State. In Haas v. Chicago Building Society, 89 Ill. 498, the court say, in discussing the propriety of granting an order appointing a receiver: "Such action will not be taken, however, unless it be made to appear the mortgaged premises are insufficient security for the debt and the person liable personally for the debt is insolvent or at least of very questionable responsibility." To a similar effect is Gooden v. Vinke, 87 Ill. App. 562; Richey v. Guild, 99 ibid. 451; Kountze v. Omaha Hotel Co., 107 U. S. 378; So. Building & Loan Ass'n. v. Carey, 114 Fed. 288. In Richey v. Guild, supra, the court say: "A combination of these two things" (insolvency and insufficient security of mortgaged premises) "seems to be required in all cases we

have examined.'' High on Receivers, Ed. 4, par. 667.

The stipulation of the parties states that Wilcox gave oral testimony on the hearing of the motion to appoint a receiver, but we do not find such testimony in the record. As the testimony is not before us, we cannot say what it tended to prove. It was appellee's duty to preserve such testimony and we cannot say in an equity cause, as we would say in one at law, ''that the court having heard the witness and the party seeking a review failing to preserve in the record such witness' testimony, we will assume that the facts established by it were sufficient to authorize the court's action.'' The rule controlling is stated in Goodrich v. Thompson, 88 Ill. 547, thus: ''If any evidence was in fact offered to sustain the petition, it was the duty of petitioners to preserve it in the record; otherwise this court will assume none was submitted.''

The order of the Circuit Court of June 13, 1910, appointing Charles N. Loucks receiver is reversed.

*Reversed.*