**Hubert A. Stevens et al. Hubert A. Stevens, Appellant, v. Andrew Pearson et al. Michael W. Cagney, Appellee.**

## Gen. No. 21,839.

1. MORTGAGES, § 101*—*when property is no longer subject to provisions of mortgage.* Although by virtue of the lien created by a mortgage or deed of trust the mortgagee or *cestui que trust* has the right to a foreclosure and sale of the security and an application of the proceeds to the payment of the secured debt, yet when this has been done the mortgage or trust deed has expended its force and the property is no longer subject to its provisions, without regard to whether the mortgagee or *cestui que trust* is the purchaser at the sale or not, since by becoming the purchaser a new relation created by the statute exists, independent of any privity of contract between purchaser and mortgagor.

2. MORTGAGES, § 738*—*who is entitled to rents and profits during redemption period.* On foreclosure of a mortgage or deed of trust, where the mortgagors are not the owners of the equity of redemption, the owner of such equity is entitled to the rents and profits during the period of redemption, although there is a deficiency de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cree against the mortgagors, unless the foreclosure decree makes such owner liable for the incumbrance or the deficiency.

3.  Mortgages, § 514*—*when provision for appointment of receiver is valid.*  A provision in a mortgage or trust deed that pending foreclosure proceedings and during the period of redemption a receiver shall be appointed to take possession or charge of the premises and collect the income thereof is valid and enforceable regardless of the insolvency of the mortgagors.

4.  Mortgages, § 514*—*when receiver may be appointed to take charge of mortgaged premises.*  On a bill to foreclose a trust deed containing a provision that pending a foreclosure and during the period of redemption a receiver shall be appointed to take possession or charge of the premises and collect the income, where there is a deficiency decree against the mortgagors, who are not the owners of the equity of redemption, it is within the discretion of the court to appoint such a receiver.

## On Rehearing.

1.  Pledges, § 2*—*what does not constitute pledge of income from mortgaged property for payment of debt.*  A provision in a mortgage or trust deed that pending foreclosure and during the period of redemption a receiver shall be appointed to take possession or charge of the premises, collect the income and pay the same, less receivership expenses, to the purchaser at the foreclosure sale, cannot be construed as a pledge of the rents and profits of such property as security for the secured indebtedness.

2.  Mortgages, § 738*—*when provision for payment of rents and profits during redemption is inoperative.*  A provision in a mortgage or trust deed that in case of foreclosure the rents and profits of the property during the period of redemption shall be paid to the person entitled to a deed under the certificate of sale, or in reduction of the redemption money, if the property is redeemed, is inoperative, because the purchaser derives his title solely under the statute.

Appeal from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Affirmed.  Opinion filed November 14, 1916.  Rehearing denied and additional opinion filed November 28, 1916.

George C. Otto, for appellant.

Michael W. Cagney, *pro se.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice McDonald delivered the opinion of the court.

The order herein sought to be reversed directed that the receiver of the rents and profits collected during the redemption period, from the premises involved in this foreclosure suit, pay to the appellee, as owner of the equity of redemption, the balance of the moneys in the receiver's hands.

Appellant's bill to foreclose alleged, *inter alia,* that Andrew Pearson and Cynthia A. Pearson, his wife, were indebted in the sum of $2,000, which indebtedness was evidenced by their promissory note secured by trust deed conveying certain real estate situate in the City of Chicago, County of Cook, and State of Illinois, which note was due and unpaid; that said property was scant security for the amount due and owing under said note and trust deed; and prayed that an account be taken and the amount due appellant be fixed and established and on failure of defendants to pay the sum found due and owing appellant, that the premises in question be sold, and a receiver appointed to take possession thereof and collect the rents, issues and profits thereof.

A receiver was appointed in accordance with the prayer of the bill, and subsequently a decree was entered, confirming the master's report of sale and distribution, and finding that there was a balance of $552.43 due and owing to appellant over and above the proceeds of said sale, and decreed that appellant have execution against the said Andrew Pearson and Cynthia A. Pearson for said deficiency. Afterwards, an order was entered by the court, approving the amended report of the receiver, and directing that the said receiver pay over within thirty days the balance of moneys in his hands to appellee, the owner of the equity of redemption in said premises.

It is contended by appellant, that the trial court

erred in directing said receiver to turn over the balance of $99.13 to appellee, as owner of the equity of redemption; that said balance should have been ordered paid to the appellant, in payment of the deficiency decree rendered in his favor. In support thereof, appellant refers us to the trust deed itself, which contains the following provision:

"The grantors waive all right to the possession of, and income from said premises pending such foreclosure proceedings and until the period of redemption from any sale thereunder expires, and agree that a receiver shall be appointed to take possession or charge of said premises, and collect such income, and the same, less receivership expenses, pay to the person entitled to a deed under the certificate of sale or in reduction of the redemption money if said premises be redeemed."

This very provision was contained in the trust deed foreclosed in *Schaeppi v. Bartholomae*, 217 Ill. 105, wherein the court held, p. 112:

"By virtue of the lien created the mortgagee or *cestui que trust* had the right to have the security foreclosed and the property sold and the proceeds applied in payment of the secured debt. But when this has been done and the lien enforced by a sale of the property and the proceeds applied, the mortgage or trust deed has expended its force and the property is no longer subject to its provisions. (citing cases) Nor does it in any way affect the result that the holder of the secured indebtedness becomes the purchaser at the sale, whether he be the mortgagee or *cestui que trust,* or not. By becoming the purchaser a new relation created by the statute exists, in no wise dependent upon any privity of contract between the purchaser and mortgagor."

Appellee was not made personally liable for the incumbrance or the deficiency by the decree. Under such circumstances, he was entitled to the rents and profits of the premises during the period of redemp-

tion. (*Standish v. Musgrove,* 223 Ill. 500.) We are therefore of the opinion that the court properly directed that the funds in the receiver's hands be paid over to appellee as the owner of the equity of redemption.

Appellee complains, by way of cross error, that he should be awarded also the expenditures of the receiver, amounting in all to $23.87. This contention is based upon the claim that the receiver was not appointed according to the practice of equity. In support thereof, we are referred to *Glennon v. Wilcox,* 159 Ill. App. 42. That case, however, is not in point, inasmuch as the foreclosure proceedings there were based upon a mechanic's lien, while in the case at bar, it will be seen from the foregoing provision in the trust deed, that the grantors agreed that a receiver should be appointed to take possession or charge of said premises and collect the income thereof. Such a provision has been held valid, and can be enforced without regard to the insolvency of the mortgagors. (*Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76, and cases there cited; *Oakford v. Robinson,* 48 Ill. App. 270.) Therefore, in view of the provision in the trust deed for the appointment of a receiver, and because of the fact that there was a deficiency of $552.43 after the sale of the premises, we are of the opinion that the court acted within its discretion in appointing the receiver.

Finding no reversible error, the decree will be affirmed.

*Affirmed.*

ADDITIONAL OPINION FILED ON PETITION FOR REHEARING.

MR. JUSTICE McDONALD delivered the opinion of the court.

Counsel in his petition for rehearing strenuously contends that if the holding of this court in its opinion

filed herein is correct, then it is impossible to pledge effectively by trust deed or mortgage the rents and profits derived from mortgaged property during the period of redemption, for the payment of the debt so secured. Counsel seemingly fails to distinguish the difference between the effect of the clause in the trust deed in question (quoted in our opinion) and a provision expressly pledging the rents and profits as security for the mortgage debt. Under no reasonable construction of the provision of the trust deed now under consideration, which provision was incorporated in the decree of the court, can it be said that said clause, either expressly or impliedly, pledges the rents and profits of the premises in question for the payment of the debt secured thereby. Such construction would do violence to the very language of the trust deed itself, for it expressly provides that the rents and profits collected during the period of redemption, less receivership expenses, shall be paid to the person entitled to a deed under the certificate of sale or in reduction of the redemption money if said premises be redeemed, which provision has repeatedly been held inoperative, because the purchaser under the certificate of sale derives his title solely under the statute. *Davis v. Dale,* 150 Ill. 239; *Schaeppi v. Bartholomae,* 217 Ill. 105; *Standish v. Musgrove,* 223 Ill. 500.

Counsel also apparently fails to perceive the effect of the holding of the court in the decisions cited in our opinion, and contends that the clause in question constitutes a pledge of the rents and profits for the payment of the debt, and that the decisions cited in our opinion support such view.

It is true that the trust deed in the *Schaeppi* case, *supra,* referred to in the opinion, contained a clause identical with the one in the deed before us, with respect to the application of the rents and profits collected during the period of redemption. And while such clause did not pledge the rents and profits for

the payment of the mortgage debt, nevertheless the record in that case discloses the fact that the original makers of the notes and mortgage were also the owners of the equity of redemption and therefore personally liable for the debt, and hence the rents and profits were properly applied to satisfy the deficiency decree against them.

Counsel further contends that the *Standish* case, *supra,* also cited in the opinion, is not in point because there the holder of the mortgage was not a party to the controversy over the rents but such controversy was between the holder of the certificate of sale and the owner of the equity of redemption. That fact did not affect the principle upon which the case was decided. The rents and profits not having been expressly pledged by the trust deed, and the owner of the equity of redemption not being personally liable for the mortgage debt, the court held that under such circumstances the rents and profits accruing during the period of redemption should be paid to such owner of the equity of redemption, notwithstanding there was a deficiency decree. And this is the identical situation here. Under such circumstances, it is immaterial whether the party claiming the rents and profits be the purchaser at the sale or the person in whose favor the deficiency decree is rendered, for under such circumstances the former is not entitled to them at all, and the latter only when they are expressly pledged for the payment of the debt.

Finally counsel contends that the case of *Owsley v. Neeves,* 179 Ill. App. 61, militates against the view hereinabove expressed. On the contrary, in that case the trust deed expressly conveyed the rents, issues and profits of the premises, and provided further:

"And * * * upon the filing of any bill * * * the court in which such bill is filed may at once, and without notice to the said party of the first part, or any party claiming under said party, appoint a re-

Stevens v. Pearson, 202 Ill. App. 22.

ceiver *for the benefit of the legal holders of the indebtedness secured hereby,* with power to collect rents, issues and profits of the said premises during the pendency of such foreclosure suit and until the time to redeem the same from any sale that may be made under any decree foreclosing this trust deed shall expire." (italics ours)

The trust deed in that case also contained the provision that the indebtedness, including attorney's fees and other charges, should be paid out of the proceeds of the sale of said premises, *"or from rents,* as other costs, if not paid by said party of the first part." The trust deed in the case at bar contains no such language. It is important to note that the court there further held that *where the rents and profits are not expressly mortgaged to secure the debt, they, during the period of redemption, belong to the owner of the equity of redemption provided he is not personally liable for the mortgage debt and there is no deficiency judgment against him.* And such is precisely the holding of this court in the case at bar. Therefore, the rents and profits of the said premises not having been expressly pledged in payment of the mortgage debt, and appellee not being personally liable for the mortgage indebtedness, and there being no deficiency decree against him, he is entitled to the rents and profits of the premises during the period of redemption, less receivership expenses.

We see no reason to recede from our former position, and a rehearing will be denied.

*Rehearing denied.*