John Steinwart and Dean Anderson, Plaintiffs-Appellees, v. Louis Susman, Richard E. Voland, Escrowee, and and Fox River Valley Ice Cream Co., Inc., an Illinois Corporation, Defendants, Louis Susman, Defendant-Appellant.

Gen. Nos. 68–22 and 68–29.

Second District.

May 28, 1968.

Orlikoff, Prins, Flamm & Susman, of Chicago, for appellants.

Reid, Ochsenschlager, Murphy and Hupp, of Aurora, for appellants.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, Louis Susman, appealed under Supreme Court Rules 307(a) and 307(b) (Ill Rev Stats 1967, c 110A, pars 307(a), (b)), from the interlocutory order entered by the trial court appointing a receiver pendente lite for the defendant corporation, Fox River Valley Ice Cream Co., Inc., and from the order denying his motion to vacate said order. The two appeals were perfected in that Susman questioned the adequacy of the notice of the application for the appointment of the receiver. Supreme Court Rule 307(a) relates to appeals from interlocutory orders where notice has been given of the application for such order, and Supreme Court Rule 307(b) relates to such appeals where the order was entered ex parte. The latter rule requires a motion to vacate the order prior to taking an appeal. The appeals were consolidated in this court.

Count I of the complaint alleged that the defendant, Louis Susman, as sole owner of the capital stock of the Fox River Valley Ice Cream Co., Inc., contracted to sell all of his stock to the plaintiffs, John Steinwart and Dean Anderson; that Susman made false and fraudulent representations in the contract as to prior sales of the corporation; that he otherwise made "a false and fraudulent representation . . . at and prior to the time of the execution of the contract . . ."; and that said sale was voidable under the Illinois Securities Law of 1953, (Ill Rev Stats 1965, c 121½, pars 137.1 et seq.). The prayer of Count I of the complaint was that the contract be declared null and void and that the plaintiffs recover a judgment against the defendant, Susman, for the monies paid to him.

473

Count II of the complaint further alleged that the plaintiffs had operated the corporation subsequent to the execution of the contract, but that the corporation was insolvent and that there were assets of the corporation which should be preserved and protected pending the outcome of the litigation. In Count II, the plaintiffs asked for the appointment of a receiver pendente lite for the assets and property of the corporation.

The complaint was filed December 18, 1967, but was not served on Susman until December 21, 1967. However, on December 13, 1967, the plaintiffs appear to have mailed a notice from Aurora, Illinois, to the defendant, Susman, in Elgin, Illinois, advising him that on Monday, December 18, 1967, at 9:30 a. m., they would move for the appointment of a receiver pendente lite. On December 18, the matter was continued to December 19, at which time the receiver was appointed. Susman was not present on either of these occasions.

The order appointing the receiver pendente lite, recited that it was based upon the verified complaint; that due notice had been given; and that the action was necessary to preserve the status quo and to protect the assets of the corporation. The order required that the receiver post a bond, but did not require a bond of the plaintiffs.

The order of the trial court appointing the receiver must be reversed for a number of reasons, the most apparent of which is its failure to require a bond of the plaintiffs. Paragraph 54 of the Chancery Act (Ill Rev Stats 1965, c 22, par 54) provides:

> "That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorneys' fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or

set aside; provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

■■ The plaintiffs—applicants for the appointment of the receiver—did not post bond; nor was there a full hearing, upon notice, at which good cause was shown, permitting such appointment without bond. The bond required of the applicant is not the same as, nor may it be substituted by, that of the receiver. The applicant's bond, as indicated by the statute, is given to the adverse party as security for any damages sustained by such party, including attorneys' fees, in the event the appointment of the receiver is revoked or set aside. The requirement of such a bond may not be waived or forgiven except as provided by the statute. In the case at bar, the only bond given was that of the receiver, which ran to the People of the State of Illinois, in the sum of $1,000. The obligation of the bond was the faithful performance of the duties of the receivership.

The order of the court appointing the receiver did not purport to waive the bond requirements of the plaintiffs. As pointed out in Sherman Park State Bank v. Loop Office Bldg. Corp., 238 Ill App 450, 451, 452 (1925), it is not sufficient to merely recite in the order appointing the receiver that the bond requirement is waived "upon good and sufficient showing." The order must clearly indicate that the court was of the opinion that a receiver should be appointed without such bond, based upon facts shown in such order. In the case at bar, there was no pretense of meeting this requirement. It was totally ignored. Obviously, there was not the full hearing required by the statute.

■■ Nor, can the rather cavalier manner in which the plaintiff sought the appointment of the receiver be justified under the somewhat unusual circumstances presented as the basis for the appointment. The applica-

475

tion for the appointment of a receiver is addressed to the sound discretion of the court. The appointment of a receiver is an extraordinary and drastic remedy to be exercised with utmost care and caution, and only where the court is satisfied there is imminent danger of loss if it is not exercised. Bagdonas v. Liberty Land and Inv. Co., 309 Ill 103, 110, 111, 140 NE 49 (1923); Frank v. Siegel, 263 Ill App 316, 322, 323 (1931).

██ The right to this drastic remedy rests upon the rationale that the applicant have some clear right or some lien upon the property for which the receiver is sought, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and that the possession of the property by the defendant was obtained by fraud, or that the property itself or the income therefrom is in imminent danger of dissipation if a receiver is not appointed to maintain the status quo. Bagdonas v. Liberty Land and Inv. Co., supra, 110; Simpson v. Adkins, 311 Ill App 543, 550, 551, 37 NE2d 355; 31 ILP, Receivers, § 7. The appointment of a receiver pendente lite is warranted only where there is no other adequate remedy or means of accomplishing the desired result. Fox v. Fox Valley Trotting Club, Inc., 349 Ill App 132, 137, 110 NE2d 84 (1953).

The defendant suggests that it is not appropriate for one who is in possession of property to seek the appointment of a receiver pendente lite for such property. Certain cases and texts seem to support this proposition. Simpson v. Adkins, supra, 552; 75 CJS, Receivers, § 11, p 671, n 66; 45 Am Jur, Receivers, §§ 8, 36.

The plaintiffs cite Firebaugh v. McGovern, 404 Ill 143, 88 NE2d 473 (1949) and Liddell v. Smith, 43 Ill App 2d 57, 193 NE2d 45 (1963) as authority to support their contention that the plaintiffs, as stockholders of the defendant corporation, may apply for the appointment of a receiver for the corporate assets. In Firebaugh, however, there was a dispute among the discordant stock-

holders as to who were the duly elected and qualified officers and directors. As a result, banks refused to honor corporate checks and a suspension of business and a material depreciation in the value of the corporate assets was thus threatened. In Liddell, the two sole stockholders of the corporation were in utter disagreement, and the continued operation of the corporation pending the litigation, absent the appointment of a receiver, was rendered extremely difficult.

The distinction between Firebaugh and Liddell, and the instant case is apparent. Here the plaintiffs are in sole and exclusive possession of the property over which they seek the appointment of a receiver. There is no claim to such right by Susman. The plaintiffs assert in their complaint that the corporation is insolvent and that they are unwilling to operate the business, and have, in fact, ceased operations. They have chosen to walk away from this precarious business.

The defendant, Susman, contends that the plaintiffs wish to abandon this failing business solely to protect their personal credit standing and reputation, and that the desire of a businessman to take refuge from his failing business is not a sufficient ground for the appointment of a receiver. See: 45 Am Jur, Receivers, § 36.

Susman—the party not having control or possession of the property—further asserts in his brief that he does not desire such control or possession, or the appointment of a receiver. He admits that if, in the exercise of their honest business judgment and without breach of their contractual or fiduciary obligations, the plaintiffs determine that the continued operation of the corporation is not justified, then cessation or liquidation of the business may be pursued by them. He argues that a receivership is not the only alternative, and urges that if the plaintiffs are correct in the allegations of their complaint, they will be entitled to the return of their money and he will have returned to him the corporate

stock, in which event he will readily bear the benefit or the burden of the failure to appoint a receiver.

■ We set forth these facts to illustrate the reasons why the appointment of the receiver in such a summary manner was not proper, and not to suggest that upon full hearing a receivership is definitely inappropriate in this case or in all cases where the applicants are in possession of the property. While the great majority of cases in which receivers are appointed are those where persons other than the applicants are in possession, we do not believe that possession of the property by the applicants necessarily eliminates the possibility of the appointment of a receiver.

■ If the applicants have a definite interest in a particular property, which is in grave and immediate danger of dissipation, and only through the appointment of a receiver can immediate or substantial injury be prevented and complete justice be done, the fact that the applicants are in sole or partial possession of the property should not necessarily bar their right to the appointment of a receiver. The right would still depend upon the particular factual situation and the necessity of such action for the protection of all interested parties, and not for the protection of the applicants alone.

■ It is clear that a court should act to appoint a receiver, without bond, only upon the showing of good cause and upon notice and full hearing. The appointment of a receiver, without notice, is limited to such cases of emergency as make such appointment absolutely necessary. A receiver pendente lite should be appointed before answer by the defendant, only in cases of extraordinary emergency where such immediate and summary action is necessary for the protection of the property and the status quo. Simpson v. Adkins, supra, 550; Nartzik v. Ehman, 191 Ill App 71, 80, 81 (1914); 31 ILP, Receivers, §§ 23, 24; 45 Am Jur, Receivers, §§ 83, 84.

478

No such emergency is shown by the facts in this case. The trial court ordered the appointment of the receiver pendente lite solely on the basis of the complaint, which does not in our opinion suggest any such emergency as to permit the appointment without a full hearing, at which both sides are afforded an opportunity to present evidence and be heard. The short notice, prior to the filing of the complaint and the service of summons, and the holding of the hearing prior to the time that summons was served upon the defendant, Susman, did not give him an adequate opportunity to be heard.

The hearing on the defendant's motion to vacate the order was not a substitute for the hearing he should have been afforded before the appointment of the receiver. The motion stated, among other grounds, that there was no emergency shown such as to justify the appointment of a receiver prior to answer; that there was an inadequate showing for the appointment; that the order was entered without proper notice; and that good cause was not shown for the waiver of the applicants' bond.

We agree with the defendant's contentions in these respects, and are of the opinion that his motion to vacate the order should have been granted. The facts set forth in the complaint do not warrant the appointment of a receiver without a full hearing upon adequate notice, neither of which was afforded the defendant. See: Cohen v. Financial Acceptance Co., 56 Ill App2d 359, 363, 364, 206 NE2d 308 (1965).

For the reasons stated, the order of the trial court appointing the receiver pendente lite is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

MORAN and SEIDENFELD, JJ., concur.