IOWA STRUCTURES UNLIMITED, INC., Plaintiff-Appellee, *v.* FIRST NATIONAL BANK OF MOLINE, Trustee, *et al.*, Defendants-Appellants.— (SEARS, ROEBUCK & COMPANY, Defendants; ADAMS DOOR COMPANY, INC., *et al.*, Defendants-Appellees.)

Third District   Nos. 81-246, 81-241 cons.

Opinion filed August 12, 1981.

Daniel Churchill, of Churchill & Churchill, of Moline, for appellant First National Bank of Moline.

Joseph C. Creen, of Heninger and Heninger, P. C., of Davenport, Iowa, for appellee Iowa Structures Unlimited, Inc.

Robin DeMars Goodstein and William R. Stengel, both of Coyle, Gilman & Stengel, of Rock Island, for appellee Adams Door Company, Inc.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This is an interlocutory appeal by two defendants, First National Bank of Moline, as trustee (FNBM), and Lamand Mortgage Company (Lamand), pursuant to Supreme Court Rule 307(a)(2) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(2)). FNBM and Lamand appeal from an order of the circuit court of Rock Island County entered April 8, 1981. The order allowed the petition of subcontractor, Adams Door Company, Inc., for the appointment of a receiver *pendente lite*. The order appointed First National Bank of Rock Island as receiver and provided for the payment of rents to the receiver from the lessee, Sears.

Although the various parties are enmeshed in several related disputes, the matter before this court is narrow in scope. The instant issue is whether the appointment of receiver *pendente lite* by circuit court conforms to statutory prescription.

The scenario unfolds as follows: On September 27, 1979, defendant FNBM, as seller, entered into an offer to purchase real estate with defendant Lamand as buyer. The real estate, located in a prosperous commercial park in Moline, Illinois, is the subject of this controversy. On November 1, 1979, plaintiff, Iowa Structures Unlimited, Inc. (Structures), as general contractor, entered into a written construction contract with the contract buyer Lamand. Therein, Structures was to construct a metal building on the subject real estate. In December 1980, Lamand, as landlord, and Sears, Roebuck & Company (Sears), as tenant, executed a lease agreement for use of the premises after construction. In May 1980, work was completed and Sears took possession.

Having received no payment from Lamand, Structures filed to foreclose on its mechanics' lien on June 27, 1980. Thereafter, 16 subcontractors, Adams Door Company *et al.*, filed a counterclaim to foreclose on their mechanics' liens. Both actions were filed against Lamand, FNBM and Sears.

Defendant Sears filed a motion for preliminary injunction and other relief which resulted in an order of the court entered August 27, 1980, requiring all rents to be paid to the clerk of the court pending further order.

FNBM thereafter filed a petition for leave to turn over funds (the rents) to itself as legal titleholder of the real estate and to be applied to the

debt of Lamand on the real estate purchase contract. This was objected to by Structures and the subcontractors, Adams *et al.* A hearing was held on February 27, 1981, but continued for additional discovery by Structures and Adams *et al.* The hearing was continued to April 1, 1981.

On March 31, 1981, Adams *et al.* filed a petition for the appointment of a receiver *pendente lite*; hearing was set for the next day, April 1, 1981. FNBM immediately filed a motion to strike the petition for appointment of receiver for the reason it had not adequate time to prepare and file written responses. After denying the motion to strike, the hearing proceeded on the merits of both matters: FNBM's petition for leave to turn over funds and Adams' petition for appointment of receiver. The April 1 hearing concluded with denial for leave to turn over. A receiver *pendente lite* was appointed. The court made no findings as to the furnishing of bond by Adams or its excuse, although request for such ruling was made by Lamand.

On April 2, 1981, FNBM filed a motion for reconsideration by the circuit court. It challenged the court's order appointing the receiver procedurally on the several grounds: (1) that one-day notice did not provide the parties with adequate time to prepare and offer evidence in opposition; (2) that Adams' petition for appointment of receiver did not comply with the requirements of section 1 of "An Act concerning the appointment and discharge of receivers" (Ill. Rev. Stat. 1979, ch. 110, par. 407) concerning the bond; (3) that Adams' petition was not verified. Furthermore, the adequacy of the evidence supporting the appointment was challenged.

The motion was heard and denied on April 3, 1981. At the same hearing, the court heard and granted a motion by Lamand for leave to post bond in lieu of appointment of receiver. The amount of Lamand's bond was consented to by all parties and was to insure sufficiency of funds once the parties' claims against Lamand were resolved in the pending litigation. The court's order entered April 8, 1981, was drafted such that the receiver would be discharged upon Lamand's posting of bond with the court. It appears from the record that Lamand has not posted bond.

On appeal, FNBM seeks reversal of the order entered April 8, 1981, which appointed a receiver *pendente lite*. The issues presented are threefold: (1) whether the requirement of a bond from the applicant for a receiver *pendente lite* may be waived; (2) when a receiver *pendente lite* is appointed without bond of the applicant, must the order indicate that the court was of the opinion that bond is not necessary based on good cause shown, after notice and full hearing; (3) whether the court erred in appointing a receiver *pendente lite* after a hearing one day after parties

had notice of the petition thereof, where there is no showing of extraordinary emergency.

■■■ The equitable authority of the court to appoint a receiver *pendente lite* for land management and rents generated thereby is widely acknowledged. However, it is a harsh remedy and should not be exercised doubtingly, but only after the court has been convinced that such remedy is absolutely necessary to prevent irreparable losses. *(Klass v. Yavitch* (1939), 302 Ill. App. 229.) Only in instances of great emergency demanding immediate court intervention should a receiver *pendente lite* be appointed without notice to the adverse parties. Such appointment before answer by the opposing parties must be limited to cases of extraordinary emergency where such summary action is necessary for the protection of the property and the status quo. *Steinwart v. Susman* (1968), 94 Ill. App. 2d 471.

In the case at bar, the parties received one day notice of the petition for receiver prior to the hearing thereon. Where corresponding urgency is evident, such short notice might be reasonable. However, Adams' petition makes no allegation of emergency or imminent irreparable threat to the funds. In our scrutiny of the record, we find not even the suggestion of emergency. In fact, the funds had been held by the clerk of the court for several months prior. We see no reason why that could not continue, at least long enough to afford all parties time to adequately prepare for the hearing.

■■ Although all parties were present in court for the hearing, time was wholly inadequate for reasonable response. Hence, a proper airing of the issue in an adversarial manner was not possible. Only in that time-honored manner does the best evidence come before the court enabling it the best opportunity for exercise of its wise discretion. As a result, we do not believe that proper and adequate hearing was had as to the appointment of a receiver, and we remand for a full hearing with proper notice afforded all parties. Within 30 days of the filing of this order, Adams, or any other party, may file a verified petition for appointment of receiver *pendente lite*.

■■■ The two remaining issues relate to the bond required of the applicant for appointment of receiver. This appears to have been overlooked by the trial court. Since 1903, the requirement of bond by the applicant has been statutorily mandated. Specifically, the statute provides:

> "§1. Before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorneys fees sustained by reason of the appointment

184

and acts of such receiver, in case the appointment of such receiver is revoked or set aside; provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond." (Ill. Rev. Stat. 1979, ch. 110, par. 407.)

It is clear that the bond may be waived. However, there must be a full hearing and good cause shown why the bond is waived. The petition for appointment does not request waiver of the bond nor does it allege any basis upon which good cause could be found. Moreover, an order making appointment must specifically excuse the bond requirement and set forth facts justifying such action (*Davis v. Blair* (1929) 252 Ill. App. 417), or set forth the specific reason why bond is not required. (*Sherman Park State Bank v. Loop Office Building Corp.* (1925), 238 Ill. App. 450.) As the bond requirement appears to have been overlooked by the parties and the court, we reverse and remand for new hearing to consider this issue.

For the reasons stated herein we reverse the order of the circuit court of Rock Island County and remand with the following instructions: The parties shall have 30 days from the date of this order to file a verified petition for appointment of receiver. Hearing shall be scheduled affording all interested parties adequate time to respond. Findings shall be made as to the statutorily prescribed applicant bond or waiver thereof.

Reversed and remanded.

SCOTT, P. J., and STOUDER, J., concur.