FIRST NATIONAL BANK, Plaintiff-Appellee, *v.* MARIE J. FRAKER *et al.*, Defendants-Appellants.—(JACK K. FRAKER *et al.*, Defendants.)

Fourth District   No. 4—82—0440

Opinion filed December 28, 1982.

John R. Wolgamot and James K. Borbely, both of Kirk, Wolgamot, Kurth, Borbely, DeArmond & Dillon, of Danville, for appellants.

Randolph M. Rich, of Meehling, Rich and Bernardoni, of Marshall, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Defendants, Marie J. Fraker and Robert W. Fraker, appeal an order of the circuit court of Clark County, entered on June 25, 1982, in a foreclosure proceeding brought by plaintiff, First National Bank, appointing Edgar County Bank and Trust Co. receiver *pendente lite* of a 160-acre tract of farmland in Clark County. We have jurisdiction pursuant to Supreme Court Rule 307(a)(2) (87 Ill. 2d R. 307(a)(2)). We hold that the circumstances alleged and shown were insufficient to justify the appointment. Accordingly, we reverse.

The foreclosure suit was filed May 7, 1982. It sought to foreclose each of the one-third undivided beneficial interests of defendants Marie J., Robert W. and Jack Fraker in a land trust containing the 160-acre tract. The complaint alleged each of the three defendants had pledged their beneficial interest to plaintiff to secure $400,000 of debt for which defendant Jack Fraker, who has not appealed, and his

wife JoAnne Fraker were obligors. Plaintiff was stated to be not only the holder of the security interest but also the trustee of the land trust. Payments on the indebtedness were stated to be in default. The appealing defendants maintain (1) plaintiff failed to allege and prove grounds to support the appointment of the receiver, and (2) the court erred in making the appointment without hearing evidence as to the qualifications of the receiver and in waiving bond by the applicant and the receiver without hearing evidence on those points.

Plaintiff's complaint contained the following material allegations: (1) the obligors on the instrument of indebtedness were insolvent; (2) the 160-acre tract was scant security for the debt; (3) real estate values in the county were declining; and (4) plaintiff would be irreparably damaged if a receiver *pendente lite* were not appointed. Defendants do not dispute that payments on the indebtedness were in default or that Jack and JoAnne Fraker were not only insolvent but, in fact, in bankruptcy. An experienced appraiser who had inspected the land merely from a nearby road testified that in his opinion the tract had a value of $317,500 and that land values in the county had decreased approximately 15% in the last two years. The defendants requested that the trial court strike the testimony of the appraiser on the grounds that testimony of merely viewing the land from the road did not constitute sufficient foundation for his opinion. The trial court denied this request. On appeal, they maintain that his testimony was not strong enough to support the extraordinary remedy of the appointment of a receiver *pendente lite*. That appraiser's testimony was the only evidence as to the value of the tract.

Plaintiff asserts that to justify the appointment of a receiver *pendente lite* in a foreclosure proceeding when the obligors are in default on the indebtedness, the security holder need allege and prove only that the obligor is insolvent and the security scant. Plaintiff's position is based upon the case of *Haas v. Chicago Building Society* (1878), 89 Ill. 498. There an order appointing a receiver after a decree of foreclosure had been entered was affirmed. The opinion indicated that not only was the debtor insolvent and the security insufficient but also the owner had permitted the property to be sold for lack of payment of taxes and had failed to pay premiums for insurance policies covering the tract. The opinion discussed cases from other jurisdictions ruling upon the circumstances in which a receiver could properly be appointed in foreclosure proceedings. In the course of its opinion the court stated that a receiver would not be appointed "unless it be made to appear the mortgaged premises are an insufficient security for the debt, and the person liable personally for the debt is insolvent,

or at least of very questionable responsibility." (89 Ill. 498, 502.) The court later qualified that statement with the following language:

> "We take it, then, to be undoubted law, the court of chancery may, where the security is inadequate and the mortgagor unable to pay the deficiency, and a foreclosure proceeding is pending, appoint a receiver, if there are circumstances of fraud or bad faith on the part of the mortgagor, or other facts involved which would render a denial of the relief sought inequitable and unjust. *It is not necessary, for the decision of the case before us, we should express an opinion as to whether such appointment should be made where circumstances and facts, such as we have referred to, do not exist in conjunction with the two elements first spoken of, and it will be time enough to dispose of that question when it arises.*" (Emphasis added.) 89 Ill. 498, 504.

Plaintiff contends the foregoing language from *Haas* means the only essential elements to authorize the appointment of a receiver in a foreclosure proceeding are the insolvency of the obligors and the insufficiency of the security. We do not agree. Rather, we interpret the *Haas* court to have indicated the two factors of insolvency and insufficiency are necessary. However, the supreme court chose not to pass upon the question of whether fraud, bad faith, or other circumstances need exist. The court did not have to pass upon the need for the latter factors because of the showing that the owner had failed to pay taxes and insurance premiums.

In support of its contention, plaintiff maintains that several appellate court cases have interpreted *Haas* as holding that only the factors of insolvency and insufficiency are necessary. In *Glennon v. Wilcox* (1910), 159 Ill. App. 42, an order appointing a receiver in a mechanics lien foreclosure proceeding was reversed where no showing was made of either the insufficiency of the security or insolvency of the debtor. The court stated:

> "To warrant the appointment of a receiver in cases of the nature of the one under discussion two conditions are essential of concurrence, neither of which can be dispensed with. They are, first, that the debtor is insolvent, and, second, that the property on which the lien is sought to be enforced is meagre and scant security for the debt." (159 Ill. App. 42, 44.)

In *White v. Mackey* (1898), 85 Ill. App. 282, an order refusing the appointment of a receiver to serve during the period of redemption was reversed. The trust deed contained a provision authorizing the appointment of a receiver at any time during foreclosure proceedings.

The appellate court citing *Haas* noted that the security was scant and the obligors insolvent. In *Gooden v. Vinke* (1899), 87 Ill. App. 562, the trust deed being foreclosed had authorized the trustee upon default to take possession of and to rent the premises and to take other steps to protect the property. The trial court entered an interlocutory order appointing a receiver. On review of that order, the appellate court affirmed the appointment. The court noted that a receiver is usually not appointed absent a showing of insolvency and insufficient security. However, because the trustee had refused to exercise his powers, the appellate court affirmed the order appointing a receiver even though the obligor was not shown to be insolvent.

The appellate decisions described above were not from this district. Moreover, none of them serve as a direct holding applicable to a case of the nature before us. In *Glennon*, the order of appointment was reversed. Unlike here, in *Glennon* the trust deed authorized the appointment of a receiver at any time and in *Gooden* the provisions of the trust deed were deemed to authorize appointment of a receiver upon default of the trustee. The cases also differ from the instant case in that, here, the mortgagors objected to the timeliness of the appointment. The defendants maintain that something more than insolvency and inadequate security must be shown when, as here, the appointment is made before the defendants are required to answer.

Defendants cite several cases where orders appointing receivers *pendente lite* have been reversed with appellate courts stating that absent fraud, great emergency or urgent necessity, a receiver should not be appointed prior to the answers of the parties defendant. Most of those cases differ from the case before us in that here defendants were given ample notice and time to prepare for hearing on the request for a receiver. In *Baker v. Administrator of Backus* (1863), 32 Ill. 79, and *Larson v. West* (1903), 110 Ill. App. 150, the orders were entered *ex parte*. In *Iowa Structures Unlimited, Inc. v. First National Bank* (1981), 99 Ill. App. 3d 180, 425 N.E.2d 64, one day's notice was given. In *Steinwart v. Susman* (1968), 94 Ill. App. 2d 471, 238 N.E.2d 200, the order of appointment was issued *ex parte* and before service of summons. In *Nartzik v. Ehman* (1914), 191 Ill. App. 71, an order of appointment entered one day after the filing of the complaint was affirmed. Of these cases, only *Iowa Structures Unlimited, Inc.* concerned the foreclosure of a lien. Nevertheless, that case did state a rule that when a receiver is appointed before answer, a stronger showing than that made here is necessary.

Defendants also rely upon the holdings of *Fox v. Fox Valley Trotting Club, Inc.* (1953), 349 Ill. App. 132, 110 N.E.2d 84, and *Simpson*

*v. Adkins* (1941), 311 Ill. App. 543, 37 N.E.2d 355, that a party seeking the appointment of a receiver *pendente lite* must make a showing of a reasonable probability that he will prevail on the merits. Neither case involved a lien foreclosure. However, that requirement is consistent with the statement of the supreme court in another case not involving a foreclosure. In *Bagdonas v. Liberty Land & Investment Co.* (1923), 309 Ill. 103, 110, 140 N.E. 49, 52, th⌐ court stated:

> "The general rule is that the applicant must show, first, that he has a clear right to the property itself or has some lien upon it *** and second, that the possession of the property by the defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct or insolvency."

Ordinarily in a mortgage foreclosure proceeding, the likelihood of the mortgagors recovering is not in issue. Here, however, at the hearing on the request for the receiver, the court took judicial notice of a related case in that court in which Marie J. Fraker and Robert W. Fraker had obtained a preliminary injunction prohibiting the plaintiff in this case from disposing of the Frakers' beneficial interests in the property involved here. This preliminary injunction issued by the trial court indicated that Marie J. Fraker and Robert W. Fraker had established a probability of success in that case. It appears that a probability of their success in that case would be inconsistent with a probability of success by plaintiff here.

■ In the absence of a clear holding to support plaintiff's contention that in a foreclosure proceeding a security holder is entitled to appointment of a receiver *pendente lite* upon mere allegation and proof that the debt is in default, the obligors insolvent and the security scant, we do not deem the rule to be absolute. We note the considerable authority that a receiver *pendente lite* should not be appointed before answer absent a showing stronger than that alleged and proved here. Accordingly, we conclude that a receiver should not have been appointed here when it was unclear that the plaintiff would ultimately prevail on the merits and no allegation or showing was made of fraud, mismanagement or great emergency or necessity. We note that some testimony was presented by a witness who viewed the tract from a road that planting was proceeding slowly. However, there was testimony presented on behalf of defendants which gave a satisfactory explanation of the situation. Plaintiff did not allege any mismanagement in the planting of the crops and does not argue that this is a factor in support of the court's order.

■ We recognize that the situation of the plaintiff may be quite

different against defendant Jack Fraker, who has not appealed and who does not have available the same defense possibly available to the other defendants. However, a receiver cannot take possession of an undivided interest in the farm. No showing was made that plaintiff's need for a receiver as to the interest of Jack Fraker is so compelling that the other defendants' interests should have been so encumbered. Accordingly, we reverse the order appointing the receiver *pendente lite*.

We need not discuss other contentions of defendants in detail. The documents by which defendants pledged their interest to plaintiff contain an assignment of "the right to collect and receive proceeds from rentals or other dispositions or realizations of any kind from said property or part thereof." Accordingly, if plaintiff prevails, it does have an interest to be protected in the crops. If a receiver is subsequently appointed attention should be given to section 2—415 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—415), with particular reference to the provisions for notice and hearing before waiving a receiver's bond.

Reversed.

MILLS and TRAPP, JJ., concur.