Eula Lee Mathews Finley and Henry P. Willimon, Appellants, v. Allen Crossley and John Lee and Essie B. Westbrooks, Individually and Essie B. Westbrooks, Administratrix of the Estate of Richard E. Westbrooks, Deceased, Appellees.

**Gen. No. 48,431.**

First District, First Division.

December 4, 1961.

Rehearing denied January 8, 1962.

Isaac I. Bender, of Chicago, for appellants.

Westbrooks, Holman & E. F. Johnson, of Chicago (Claude W. B. Holman, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a consolidated action in equity, in which plaintiffs seek to enforce the surety obligation on appeal bonds filed in two separate and distinct appeals in a partition suit. Plaintiffs appeal from an order of the trial court, which sustained defendants' motion to strike the second amended complaint, dismissed the consolidated action and entered judgment for defendants' costs.

The basic partition suit was filed by Eula Lee Mathews Finley and Henry P. Willimon, and John Lee was a party defendant. A decree of partition was entered on June 20, 1950. The decree ordered the sale of the property involved and referred the determination of the rents and profits to a master. An appeal was taken from this decree by the defendant, John Lee, and on August 28, 1950, he filed an appeal bond in the sum of $3,000. Lee's attorney, Richard E. Westbrooks,

signed this bond as surety, listing as security three parcels of real estate. The partition decree was affirmed by the Supreme Court on May 24, 1951. Finley v. Crossley, 409 Ill 435, 100 NE2d 606.

A second appeal was filed by John Lee from an order of the trial court entered on May 26, 1952, confirming the sale of the property involved in the partition suit. On May 27, 1952, Lee filed an appeal bond in that appeal in the sum of $2500, and his attorney, Westbrooks, again signed as surety, listing the same three parcels of real estate as security as were listed in the first appeal. This order of the trial court was affirmed on January 22, 1953. Finley v. Crossley, 414 Ill 105, 110 NE2d 255.

In 1953, after the affirmance of the report of sale, the master made a report as to the amount due plaintiffs for rents and profits. The trial court entered two judgments against John Lee. One judgment, dated October 27, 1953, is for $5556.13, and the other judgment, dated December 3, 1953, is for $568. These judgments have never been paid. Lee left this jurisdiction prior to their entry, and plaintiffs seek the collection of these judgments in the consolidated action on the surety obligations of Westbrooks.

Richard E. Westbrooks died December 17, 1952, and title to the three parcels of real estate scheduled in the two appeal bonds is in his wife, Essie B. Westbrooks, by virtue of a joint tenancy deed executed May 16, 1952, and recorded on June 10, 1952, after the execution of the two bonds. On February 6, 1953, Essie B. Westbrooks was appointed administratrix of the estate of Richard E. Westbrooks, deceased. In 1954 she was made a party defendant, individually and as administratrix in the original partition suit, and on February 15, 1954, was served with summons in both capacities.

On December 21, 1954, in a supplemental proceeding in the basic partition suit, a decree was entered, find-

ing that plaintiffs had acquired a lien on the three properties set forth as security in the bonds, decreed their sale, and directed that the sale proceeds be deposited with the master in chancery. No appeal was taken from this decree of sale.

Thereafter, Essie B. Westbrooks filed a bill of review to set aside this decree of sale for errors apparent on the face of the record, which the trial court dismissed. This order of dismissal, entered in the review action was reversed in an opinion of this court filed September 25, 1956. (Westbrooks v. Finley, 11 Ill App 2d 428, 138 NE2d 77.) In its opinion this court held that the trial court was without authority to order the sale of the properties listed as security for the bonds, because there never was a judgment on the bonds against the surety, Richard E. Westbrooks, or his administratrix. On page 431, the court said:

"We therefore have a situation where the security advanced by a surety on a supersedeas bond has been ordered sold without there being any adjudication of the surety's liability on the bond. No authority has been cited and we have found none to the effect that the security of a surety on a bond may be subject to levy upon the sole ground that judgment has been entered against the principal, where the surety was not a party to the suit against the principal and was given no notice of it. . . . The common law applies, and the common law requires a judgment. . . . The liability of a surety on a bond is of a contractual nature, and thus it may differ from the nature of the principal debtor's liability."

Upon the filing of the mandate of the Appellate Court in the bill of review action, the court on May 29, 1957, vacated the decree of sale of December 21, 1954, entered in the partition suit, which directed the sale of the three properties listed as security for the bonds. After some proceedings, the trial court directed that the bill of review and the original partition suit be

consolidated and ordered that the parties in the consolidated action be designated as plaintiffs and defendants as in the original partition suit. Plaintiffs were then granted leave to file a consolidated complaint, which, after some pleading, resulted in a second amended complaint. This is the pleading which was stricken by the court and the consolidated action was dismissed, and it is the subject of the instant appeal.

The second amended complaint consists of two counts, in which plaintiffs summarize all of the previous proceedings. In substance, plaintiffs seek to collect, on the surety obligation, the two new judgments rendered against John Lee for rents and profits, after the appeals had been disposed of in the Supreme Court. It includes charges of fraud on behalf of Richard E. Westbrooks and Essie B. Westbrooks, alleging that Westbrooks transferred all of his assets to Essie B. Westbrooks prior to his death as "a device to defraud the plaintiffs of the security given on the bonds." It asks that upon the entry of proper judgments, the court set aside the joint tenancy deed as a fraud against plaintiffs.

We have concluded that the undertaking of each bond, which is the same in both, is decisive. The undertaking is: "Now, therefore, if the said John Lee shall duly prosecute his said Appeal with effect, and moreover pay the amount of the judgment costs, interest and damages rendered, and to be rendered, against him in case the said Judgment shall be affirmed in said Supreme Court, then the above obligation to be void, otherwise to remain in full force and virtue."

The law is well settled that the undertaking or contract of a surety is to be strictly construed and his liability is not to be extended by implication. A surety has a right to stand upon the strict terms of his obligation, when such terms are ascertained, and

216

the rule forbids any extension of such liability by implication beyond the strict letter of those ascertained terms. (Shreffler v. Nadelhoffer (1890), 133 Ill 536, 25 NE 630; Cigler v. Keinath (1914), 265 Ill 144, 106 NE 629.) The legal effect of the words "rendered, and to be rendered," contained in appeal bonds, has been considered from time to time by the courts of this state. It has been consistently held that the obligation of the appellant is to pay the judgment *theretofore rendered* against him in the court below and such judgment as *shall be rendered* by the Supreme Court, in case the judgment shall be affirmed, and if he shall make default therein, the liability of the surety will be the same. Rothgerber v. Wonderly (1872), 66 Ill 390; Cigler v. Keinath (1914), 265 Ill 144, 106 NE 629; Crozier v. Freeman Coal Mining Co. (1936), 363 Ill 362, 2 NE2d 293.

Neither of the appeals in which these bonds were given were from money judgments. The first appeal was from a decree of partition, and the second appeal was from a decree approving the sale. Neither appeal bond includes an undertaking to pay the rents and profits of the real estate, the subject matter of the partition suit, for any period of time, nor to pay a judgment which might be rendered thereafter upon new evidence in a hearing de novo. Plaintiffs seek to collect judgments which were not the subject matter of either appeal.

■ We conclude that the undertaking of Lee, the appellant, as principal in both appeal bonds, and Westbrooks, as his surety, was limited to pay the judgment costs, interest and damages rendered in the Superior Court and the additional costs and damages as might thereafter be rendered in the Supreme Court on the decrees from which the appeals were taken. Crozier v. Freeman Coal Mining Co., 363 Ill 362, 2 NE2d 293; Huntington v. Aurand (1896), 67 Ill App 260. As

plaintiffs do not include allegations as to these costs, the trial court was correct in striking the second amended complaint and dismissing plaintiffs' consolidated action.

Our disposition of the issue considered renders it unnecessary to consider the many other contentions urged by the respective parties to this appeal.

For the reasons given, the judgment appealed from is affirmed.

Affirmed.

BURMAN and ENGLISH, JJ., concur.