NEWBERRY THEATRE, INC., Plaintiff and Counterdefendant, *v.* SBB THEATRE, INC., Defendant and Counterplaintiff and Third-Party Plaintiff-Appellee.—(TRANSAMERICA INSURANCE COMPANY, Third-Party Defendant-Appellant.)

First District (4th Division)    No. 80-237

Opinion filed May 28, 1981.—Rehearing denied June 29, 1981.

Crooks & Gilligan, of Chicago (John W. Gilligan, of counsel), for appellant.

Charles Kraut and Alfred B. Teton, both of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from a summary judgment against the surety, Transamerica Insurance Company (hereafter Transamerica), on an appeal bond. SBB Theatre (hereafter SBB) filed a forcible detainer suit against Newberry Theatre (hereafter Newberry) for possession of a movie

theatre in Chicago. Newberry filed a countersuit to stay eviction proceedings. SBB filed yet another complaint seeking money damages. The suits were consolidated under No. 77 CH 3726 in the chancery division of the circuit court of Cook County where SBB moved for summary judgment as to both possession and money damages of $28,860.92. The trial court granted the motion restoring possession to the landlord. At the same time, the trial court scheduled a hearing for the following day to determine the amount of damages due SBB. Newberry filed an appeal from the order restoring possession. This court set an appeal bond at $25,000. Newberry then posted a bond, on which Transamerica was surety, and was allowed to remain in possession of the theatre. The appeal was dismissed, and the trial court entered judgment in favor of SBB for $39,707.76. SBB filed this action against Transamerica on the bond and immediately filed a motion for summary judgment. The motion was granted and judgment entered in the sum of $25,000 the amount of the surety bond.

Transamerica accurately states the general rule that summary judgment can be entered only where it is determined that no genuine issue of material fact is presented and movant is entitled to judgment as a matter of law. (*Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 226, 396 N.E.2d 1241, 1244; *Hillblom v. Ivancsits* (1979), 76 Ill. App. 3d 306, 310, 395 N.E.2d 119, 121.) The propriety of granting a motion for summary judgment is determined from a study of the pleadings, answers to interrogatories, depositions, and affidavits which were filed. Ill. Rev. Stat. 1977, ch. 110, par. 57(3).

The basis of SBB's action was the obligation of Transamerica to perform on its surety bond. There was no question as to the execution of the appeal bond. The appeal was from case No. 77 CH 3726, which is the consolidation of the action for possession and the action for money damages. In determining the appeal bond case, the trial court had the benefit of review of the entire record.

Transamerica argues that it contracted to stand good for the principal, SBB, contingent upon successful prosecution of the appeal from only the "judgment for possession and costs." Transamerica further argues that the appeal from the judgment on the issue of possession should be considered separately from the trial court's decision on damages.

We disagree with defendant Transamerica and affirm the judgment of the circuit court.

The amount of the bond required by this court could not have been intended to limit the coverage of the bond solely to "costs" connected with the possession issue. Such costs amounted to only $40.

The wording of the bond reads:

"We jointly and severally agree to pay to the above judgment

creditor *any* part of the judgment which is not reversed, and *interest, damages, and costs."* (Emphasis added.)

The elements of damages to SBB, the landlord, had been considered by this court before the order for the bond was entered and before Transamerica elected to become surety on the bond. In our view, it would have been unlikely for Transamerica not to have considered the potential damages to SBB in deciding to accept such an obligation.

Further, we would distinguish this court's opinion in *Finley v. Crossley* (1961), 33 Ill. App. 2d 212, 178 N.E.2d 684, from the case at bar. Transamerica offers *Finley* in support of its denial of liability. However, in *Finley* the facts involved a partition suit, not a forcible detainer action. The facts connected with the consequences of retained possession are to be distinguished from those in a foreclosure situation. We do not diverge from our rule in *Finley* that the undertaking or contract of a surety is to be strictly construed and that the surety has a right to stand upon the strict terms of his obligation. (*Finley*, at 216.) Rather, we reiterate the rule and strictly construe the surety contract before us to include interest, damages, and costs incurred on the judgment in consolidated case No. 77 CH 3726 in the amount of $25,000.

On review of the record, including pleadings, answers to interrogatories, depositions, and affidavits, we find no genuine issue of material fact, and SBB is entitled to judgment as a matter of law.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and JIGANTI, J., concur.