Foster v. Epps.

GEORGE B. FOSTER ET AL.

V.

FRANK P. EPPS.

*Appeal Bonds—Strict Construction as against Sureties.*

1.   The liability of a surety on an appeal bond will not be extended by implication or construction beyond the precise terms of his undertaking.

2. In the case presented, the Appellate Court having affirmed the judgment but eliminated from the record a finding that the amount due the plaintiff was for wages as a laborer and servant, this court holds, in an action on the appeal bond, that the judgment was affirmed within the precise terms of the condition of the bond.

[Opinion filed September 18, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was a suit by Frank P. Epps as the obligee upon a bond made June 23, 1885, by Charles L. Epps and Joseph F. Greer as principals, with George B. Foster and William Bohanor as sureties in the penal sum of $500, conditions as follows:

"The condition of the above obligation is such that whereas the said Frank P. Epps, did, on the 6th day of June, A. D. 1885, in the Superior Court of Cook County, in the State of Illinois aforesaid, and of the June term thereof, A. D. 1885, recover a judgment against the above bounden Charles L. Epps and Joseph F. Greer for the sum of two hundred and ninety-six dollars and forty-nine cents, besides costs of suit, and whereas said court found that the demand therein sued for was wages due said Frank P. Epps as a laborer or servant, which finding was expressed in the record thereof, from which said judgment and finding of the said Superior Court of Cook County the said Charles L. Epps and Joseph F. Greer have prayed for and obtained an appeal to the Appellate Court in and for the First District of said State, upon giving bond properly conditioned in the sum of five hundred dollars. Now, therefore, if the said Charles L. Epps and Joseph F. Greer shall duly prosecute their appeal with effect, and moreover, pay the amount of the judgment, costs, interest and damages rendered and to be rendered against them, in case judgment shall be affirmed, the above obligation to be void, otherwise to remain in full force and virtue."

The case was submitted to the court for decision without a jury, upon an agreed statement of facts, from which it appeared that the judgment of the Appellate Court on said appeal was as follows:

Foster v. Epps.

"Charles L. Epps et al.    Nov. 25, 1885.
      vs.                  Appeal.
Frank P. Epps.            Cook Superior.

" On this day came again the said parties, and the court having diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being sufficiently advised of and concerning the premises, are of the opinion that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid, there is manifest error so far as related to the words *'laborer or servant,'* as used in the statute in relation to exemptions.    Therefore, it is considered by the court that, for that error in the record and the proceedings aforesaid, the judgment to that extent is erroneous.    It will, accordingly, be modified by striking out the words:    'And the court finds that the said damages are due the plaintiff for wages as *laborer or servant.*    And it further appearing to the court now here that neither in the records and proceedings aforesaid, nor in the rendition of the judgment, is there anything erroneous, vicious or defective, except as above stated, and that in that record is no error except as heretofore stated.

"Therefore it is considered by the court that the judgment aforesaid in all other findings and provisions thereof be affirmed and stand in full force and effect, notwithstanding the said matters and things therein assigned for error; and it is further considered by the court that the said Frank P. Epps, appellee, pay the costs of this appeal in this behalf expended to be taxed, and that the said appellants have execution therefor."

The 'trial court found the issues for the plaintiff; that his debt was $500, and damages the sum $347.48, for which judgment in proper form was given, and the sureties appealed to this court.

Messrs. McMurdy & Job, for plaintiffs in error.

Messrs. Moses & Newman, for defendants in error.

McAllister, J.    We have duly considered this case, and

fail to find that in the judgment rendered the court extended the liability of the surety beyond the precise terms of the condition of the bond by implication or construction. For it is undoubtedly the law that in such a case as this the liability of the surety will not be extended by implication or construction beyond the precise terms of his undertaking, which is to be strictly construed. Abrahams v. Jones, 20 Ill. App. 86, and authorities there cited.

The Appellate Court affirmed the judgment, but eliminated from the record a finding to the effect that the damages were due the plaintiff for the wages as "laborer and servant." The condition was, "Now, therefore, if the said Charles L. Epps and Joseph F. Greer shall duly prosecute their appeal with effect, and moreover pay the amounts of the judgment, costs, interest and damages rendered and to be rendered against them, *in case judgment shall be affirmed*, the above obligation to be void, otherwise to remain in full force and virtue."

We think the judgment was affirmed within the precise terms of the condition as above stated, and that the judgment below was not erroneous and should be affirmed.

*Judgment affirmed.*