MATEJ CIGLER, Appellee, *vs.* MARY KEINATH *et al.*— (JOSEPH SPEVAK, Appellant.)

*Opinion filed October 16, 1914.*

1. BONDS—*undertaking of surety is strictly construed.* The undertaking of a surety is to be strictly construed and his liability is not to be extended by construction.

2. SAME—*provision of appeal bond construed as not covering rent.* An appeal bond given on appeal from an order granting a writ of assistance, the undertaking of which bond is that the appellants shall pay "the costs and damages rendered or to be hereafter rendered against them, in case said order shall be affirmed," covers only such costs and damages as have been theretofore rendered in the trial court and such additional costs and damages as may be rendered in the court of review, and does not cover the rental value of the premises during the period the appellee was deprived of possession pending the decision of the appeal. (*Shreffler* v. *Nadelhoffer,* 133 Ill. 536, distinguished.)

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding.

JOHN C. WILSON, for appellant.

CHARLES T. FARSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, Matej Cigler, brought suit in the municipal court of Chicago against the appellant, Joseph Spevak, and others, upon an appeal bond. The municipal court rendered judgment for $43.70 against appellant. Appellee sued out a writ of error from the Appellate Court for the First District, and that court reversed the judgment of the municipal court and rendered judgment for $612.70 against appellant. The Appellate Court granted a certificate of importance, and appellant has prosecuted this appeal.

The circumstances under which the appeal bond was given are as follows: During the year 1907 appellee became the purchaser of certain real estate which was sold under decree of the superior court of Cook county. The period of redemption from the sale having expired, appellee obtained a master's deed to the premises and made application to the superior court for a writ of assistance. On March 30, 1909, the superior court ordered a writ of assistance to issue, and certain of the defendants who were in possession of the premises were allowed an appeal from that order to the Appellate Court for the First District. These defendants gave an appeal bond in the penal sum of $1000, with appellant and others as sureties thereon. The condition of this appeal bond was as follows: "Now, therefore, if the said Mary Keinath, Ernest Keinath and Peter Rudolph shall duly prosecute their said appeal with effect and pay the costs and damages rendered or to be hereafter rendered against them, in case said order shall be affirmed, in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and effect." In January, 1912, the Appellate Court affirmed the order of the superior court, the cause was re-docketed in the superior court, appellee obtained possession of the premises under

265 – 10

the writ of assistance on March 18, 1912, and suit was brought by appellee on the appeal bond.

In addition to the sum of $43.70 which was adjudged against appellant in the superior court and Appellate Court in the suit in which the appeal bond was given, appellee in this suit sought to recover against appellant the rental value of the premises from March 30, 1909, to March 18, 1912, which by stipulation was fixed at $534. The municipal court allowed the item of $43.70 but rejected the item of $534 in rendering judgment for the plaintiff. The Appellate Court reversed the judgment of the municipal court and rendered judgment against appellant for $612.70, this amount being obtained by adding the item of $534 to the item of $43.70 and allowing interest on the total from December 21, 1912, at the rate of five per cent per annum. The only question presented for our determination is whether the rental value of the premises from March 30, 1909, to March 18, 1912, can be recovered in a suit against appellant, as surety, upon the appeal bond.

The law is well settled that the undertaking of a surety is to be strictly construed and his liability is not to be extended by construction. (Cooper v. People, 85 Ill. 417; Tolman Co. v. Rice, 164 id. 255; Phœnix Manf. Co. v. Bogardus, 231 id. 528.) The undertaking of appellant was to pay "the costs and damages rendered or to be hereafter rendered against them, in case said order shall be affirmed, in said Appellate Court." Unless the liability of appellant is to be extended by construction, the costs and damages referred to in the condition are only such costs and damages theretofore rendered in the superior court and such additional costs and damages as might thereafter be rendered in the Appellate Court. Such is the plain language of the condition. Rothgerber v. Wonderly, 66 Ill. 390.

Appellee relies chiefly upon Shreffler v. Nadelhoffer, 133 Ill. 536, in support of the judgment of the Appellate Court.

In that case Nadelhoffer had obtained a decree against certain parties dismissing their bill for injunction. The complainants prosecuted an appeal from the decree to the Appellate Court and gave an appeal bond, with Shreffler as surety thereon. The condition of the appeal bond was, that if the complainants in the bill "shall duly prosecute said appeal, and shall moreover pay all damages and damages growing out of the continuance of the injunction herein, costs of suit rendered and to be rendered against them" by the Appellate Court in case the decree should be affirmed in the Appellate Court, then the obligation should be null and void, otherwise to remain in full force. The Appellate Court affirmed the decree of the circuit court and Nadelhoffer brought suit against Shreffler on the appeal bond. The question presented to this court was whether Nadelhoffer, in the suit upon the appeal bond, could recover from Shreffler, as surety, the damages occasioned by reason of the continuance of the injunction pending the decision of the Appellate Court, and we held that recovery could be had against the surety for such damages. That case is not at all similar to the one at bar. There the appeal bond expressly covered "damages growing out of the continuance of the injunction herein." Here the appeal bond only covers "the costs and damages rendered or to be hereafter rendered against them * * * in said Appellate Court." Had the bond covered all damages that might be sustained by reason of prosecuting the appeal to the Appellate Court, it might be urged with considerable force, under the authority of *Shreffler* v. *Nadelhoffer, supra,* that the reasonable rental value of the premises during the time the cause was pending in the Appellate Court could be recovered in a suit on the appeal bond.

Appellee in this suit can only recover the costs and damages awarded in the superior court and in the Appellate Court, amounting to the sum of $43.70. Judgment

for that amount was rendered by the municipal court. The judgment of the Appellate Court is therefore reversed and the judgment of the municipal court is affirmed.

*Judgment reversed.*