Virginia Wolf, an Individual, Franklin Wolf, Her Husband, and George Anagnost, Not Individually, but as Administrator With the Will Annexed of the Estate of Daniel Schlesinger, Deceased, Plaintiffs-Appellees, v. Greek American Realty Co., Inc., an Illinois Corporation, and Thomas G. Poulakidas, Defendants-Appellants.

Gen. No. 49,034.

First District, Second Division.
March 14, 1963.
Rehearing denied April 11, 1963.

Irving Breakstone, of Chicago, for appellants.

Catherine C. Anagnost and Gerald M. Chapman, of Anagnost & Anagnost and Associates, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

Daniel Schlesinger, who during his lifetime was the owner of property improved by a thirteen-apartment building at 1401–03 West Winnemac Avenue in Chicago, entered into an installment purchase contract, dated August 10, 1960, to sell this property to defendant Greek American Realty Co., Inc., for $85,000; he voluntarily turned over to the realty company possession of the premises. Schlesinger died April 2, 1961, leaving him surviving plaintiff Virginia Wolf as his only heir at law and next of kin. On February 15, 1962, after decedent's estate was probated in Cook County, Illinois, Virginia Wolf and her husband Franklin Wolf, both Michigan residents, together with George Anagnost, the administrator with the will annexed, filed their complaint for declaratory judgment against the realty company in the Circuit Court. On motion of defendant the court dismissed the complaint on the ground that the cause was not proper for a declaratory judgment action, but gave plaintiffs leave to file an amended complaint. On June 25, 1962 plaintiffs filed their verified amended complaint, adding Thomas G. Poulakidas, the broker in the transaction, as a defendant, and seeking in count I to cancel and rescind the installment purchase contract and to reacquire possession of the premises, or, alternatively, in count II to reform the agreement upon the theory that, either by implication of law or through mistake on the part of the vendor, provisions for payment of taxes, security against impairment of title by mechanic's or other liens, and security through maintenance insurance constituted terms which should be written into the con-

tract and made a part thereof. Defendants filed their verified answer, denying all the material allegations of the complaint and setting out various affirmative defenses. Upon this state of the pleadings, and without taking any evidence, the court entered an interlocutory order appointing a receiver for the premises, from which defendants appeal.

Briefly stated, count I alleges that the consideration for the agreement was grossly inadequate in that it was silent and made no provision for the payment of taxes by the purchaser or for the protection of the vendor from impairment of his title by mechanic's or other liens, and further failed to provide for the maintenance of insurance on the property by the purchaser. The complaint makes no charges of fraud but alleges that Schlesinger was born in Poland; that he had little education, having come to the United States at the age of sixteen; that he had been a laborer, a baker, and a farmer for many years; that at the time of the execution of the agreement he was sixty-five years old; and that he was suffering from severe mental depression and emotional disturbance following the death of his wife, with the result that his mental faculties were impaired. Defendants denied all the material allegations, and in addition affirmatively alleged that at the time of the execution of the agreement Schlesinger was fully cognizant, alert, and comprehending; capable of transacting and carrying on his own business in his own behalf, and upon such terms as he deemed advisable and beneficial to his personal interests; that the agreement was fairly entered into upon terms fully understood by Schlesinger and agreeable to him; that the cause of action was personal to decedent; that there were no allegations of fraud to support it; and that the right to relief for inadequacy of consideration died with decedent.

Answering count II, defendants averred that the terms of the agreement were made and had with the

full consent and at the specific direction of the vendor, and that the silence of the agreement as to payment of taxes, security against impairment of title by mechanic's or other liens, and security through maintenance insurance gave the court no jurisdiction to write a new contract containing such terms but, rather, limited it to do nothing more than enforce the intention of the parties as clearly expressed in the contract and as ascertainable therefrom. Defendants also charged plaintiffs with laches in having failed to exercise their purported right of rescission promptly, no attempt at rescission having been made from August 10, 1960 until the filing of this suit on February 15, 1962, a period of eighteen months. Defendants further alleged that plaintiffs, by reason of the acceptance of the benefits of the said contract, cannot, after the expiration of eighteen months, claim that Schlesinger was induced to execute the agreement by reason of mistake or inadequate consideration.

It is clear from the pleadings that defendant vendee is in possession by agreement of the parties and that it was not in default under any of the provisions relating to its obligations in the installment purchase contract. The receiver was appointed under facts and circumstances based solely upon allegations of the amended complaint without regard to the verified denials of the material allegations of the complaint set forth in the answer thereto and the affirmative defenses interposed. In the circumstances it was improvident to appoint a receiver pendente lite without a hearing of the many controverted issues made up by the pleadings. The court cannot weigh the pleadings where issues of fact are presented and thereby take the verified allegations of the complaint as true against the verified denials of the material allegations of the complaint as set forth in an answer, supplemented by affirmative defenses. In McFetridge v. First Commercial Bank, 28 Ill App2d 512, 171 NE2d

791 (1961), we held (p 525) that where a verified answer was filed after a temporary injunction had been granted controverting allegations of the verified complaint on which the order was issued, the chancellor was not free to reject either pleading in deciding whether to dissolve such injunction and was not permitted to weigh the pleadings and determine their credibility; and we pointed out (p 525) that in proceedings where the plaintiff sought a temporary injunction pending disposition of a suit, he had the burden of establishing the probability of ultimate success and a clear and an affirmative right to relief. In the instant proceeding it is urged as being doubtful that plaintiffs can succeed ultimately on the trial of the case. If evidence should support defendants' answer the appointment of a receiver would be unnecessary. The analogy between the improvident issuance of a temporary restraining order and the appointment of a receiver upon the pleadings without any hearing as to the controverted issues presented is obvious.

High's observations in his Law of Receivers (4th ed, pp 6-7) with respect to the appointment of receivers pendente lite are pertinent:

> "It is a peremptory measure, whose effect, temporarily at least, is to deprive of his property a defendant in possession, before a final judgment or decree is reached by the court determining the right of the parties. It is therefore not to be exercised doubtingly, but the court must be convinced that the relief is needful, and that it is the appropriate means of securing an appropriate end. And since it is a serious interference with the rights of the citizen, without the verdict of a jury and before a regular hearing, it should be granted only for the prevention of manifest wrong and in-

jury. And because it divests the owner of property of its possession before a final hearing, it is regarded as a severe remedy, not to be adopted save in a clear case, and never unless plaintiff would otherwise be in danger of suffering irreparable loss. And since a receivership is a harsh and costly remedy, interfering seriously with the rights of persons in possession, courts of equity exercise extreme caution in the appointment of receivers and withhold the remedy until a proper case has been made therefor." (Footnotes omitted.)

In Klass v. Yavitch, 302 Ill App 229, 234, 23 NE2d 936 (1939), it was held to be "clearly erroneous to appoint a receiver upon the bare allegations of plaintiff which are denied by the defendants in all essential matters."

We hold that the order appointing a receiver under the circumstances heretofore related was erroneous, and the order is therefore reversed.

Order reversed.

BRYANT, P. J. and BURKE, J., concur.