Rose Cohen, Plaintiff-Appellee, v. Financial Acceptance Co., Defendant-Appellant.

**Gen. No. 49,863.**

First District, First Division.

February 15, 1965.

Miller, Schneider & Galasso, of Chicago, for appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an interlocutory appeal from an order of the Chancery Division of the Circuit Court appointing a temporary receiver for the defendant corporation. The defendant contends that it was error for the trial court to appoint the temporary receiver without a hearing where the complaint and petition for appointment of the temporary receiver contained the legal conclusion that "the corporation is unable to pay its debts and obligations as they mature in the regular course of business," but did not set forth facts on which

that conclusion could be based. No brief was filed in this court by appellee.

The plaintiff, Rose Cohen, in a verified complaint, alleged that she obtained a judgment against the defendant, Financial Acceptance Co., an Illinois corporation, in the amount of $11,574.50, upon which judgment an execution was served and returned unsatisfied. The plaintiff further alleged that "demand has been made for payment and it is made to appear that the Corporation is unable to pay its debts and obligations as they mature in the regular course of business." Plaintiff prayed for the appointment of a temporary receiver pendente lite to liquidate the assets and business.

Subsequently, plaintiff filed a verified petition for appointment of a temporary receiver in which it was alleged that the complaint to dissolve the defendant corporation was predicated upon the statutory ground that a judgment had been obtained against the defendant, and the execution which was served was returned unsatisfied. It was also alleged that a judgment had been obtained by Marvin Patrick Cohen against defendant for $5,000, which judgment was unpaid after demand; that defendant has failed to pay monthly interest to other holders of its notes; that the plaintiff instituted a citation proceeding upon which a rule to show cause was entered and that defendant was avoiding service; that upon information and belief the plaintiff alleged that accounts receivable are being dissipated and that irreparable injury and damage would be suffered by plaintiff and all other creditors if a temporary receiver was not appointed. The plaintiff prayed that a temporary receiver be appointed to take possession of the assets of defendant corporation and to perform such other duties as may be directed

by the court pending the final hearing and the appointment of a liquidating receiver.

The defendant filed a motion to strike and dismiss the complaint in which it was averred that the allegation that the defendant corporation was unable to pay its debts and obligations was a conclusion of law and that the complaint did not set forth the necessary facts to meet the requirement of the statute enacted for that purpose. At the hearing on the motion for a temporary receiver, and the motion to strike and dismiss the complaint, the court said, after hearing the oral arguments of counsel, "I have heard all the statements. I don't believe your complaint is sufficient. If I appoint a receiver I will be reversed. It won't afford you any relief. You say you have been trying to settle this case. Go in Chambers and I will discuss it with you." The record is silent as to what took place in chambers.

The record shows that when the matter subsequently came up for hearing the Chancellor denied the motion to strike and dismiss the complaint. In its answer to the complaint, the defendant denied that it was without funds to satisfy the judgment, and denied that it was unable to pay its debts and obligations as they matured in the regular course of business. The defendant further alleged that plaintiff had not exhausted all of her remedies at law for collection of the indebtedness and denied that the court had jurisdiction to liquidate the assets of the corporation. On the basis of these pleadings alone, and without hearing any evidence, the court entered an order appointing a receiver for the defendant corporation, despite the fact that it appears from the record that the defendant had witnesses ready to testify as to the corporation's earnings. The order recites that the court considered the verified complaint and the petition for the appoint-

ment of a receiver. This appeal was taken by defendant from that order.

In seeking to liquidate the defendant corporation, the plaintiff relies on the following provision of the Illinois Business Corporation Act:

> Courts of equity shall have full power to liquidate the assets and business of a corporation: . . .
>
> (b) In an action by a creditor:
> (1) Whose claim has been reduced to judgment and execution thereon returned unsatisfied and it is made to appear that the corporation is unable to pay its debts and obligations as they mature in the regular course of its business; . . . .

(Ill Rev Stats 1963, c 32 § 157.86.)

The authority to appoint a temporary receiver in connection with proceedings to liquidate is vested in the courts by the following provision of the same act:

> In proceedings to liquidate the assets and business of a corporation the court shall have all the ordinary powers of a court of equity to . . . appoint a receiver or receivers pendente lite. . . . (Ill Rev Stats 1963, c 32, § 157.87.)

■ ■ Corporate dissolution is a drastic remedy and must not be lightly invoked. Central Standard Life Ins. Co. v. Davis, 10 Ill2d 566, 141 NE2d 45. Likewise, the power to appoint a receiver in connection with corporate dissolution should be exercised with great care and the utmost caution. Bagdonas v. Liberty Land & Inv. Co., 309 Ill 103, 140 NE 49.

■ Consistent with the spirit of these rules, our courts have long held that a petition for appointment of a receiver must set forth specific facts and must

363

not contain mere legal conclusions of the pleader. Heitkamp v. American Pigment & Chemical Co., 158 Ill App 587; Wheeler v. Pullman Iron & Steel Co., 43 Ill App 626. Indeed, this requirement appears to have been embodied in the statute on which the plaintiff relies here, for the statute requires that *"it is made to appear* that the corporation is unable to pay its debts and obligations as they mature in the regular course of its business."

We are of the opinion that the pleadings and the petition involved here constitute only the conclusions of the plaintiff and do not state specific facts on which appointment of the receiver pendente lite could be based. The plaintiff's plea that the corporation is unable to pay its debts and obligations as they mature in the regular course of business is merely a restatement of the language of the statute. The plaintiff's allegation that the defendant's accounts receivable are being dissipated and expended in a wrongful manner is based on her information and belief; such a basis, however, has been held to be insufficient to support a petition for appointment of a temporary receiver. Fox v. Fox Valley Trotting Club, Inc., 349 Ill App 132, 110 NE2d 84.

Furthermore, we think that it was improper for the Chancellor, who had expressed the view that the plaintiff's complaint was insufficient, to grant the extraordinary remedy of appointing a receiver without first conducting a full hearing, especially where the defendant had requested such a hearing and had made an offer of proof.

For these reasons, the order of the Circuit Court appointing a temporary receiver is reversed.

Reversed.

MURPHY and KLUCZYNSKI, JJ., concur.