CITICORP SAVINGS OF ILLINOIS, F.A., Plaintiff-Appellee, v. PETE OC-
CHIPINTI, Defendant-Appellant (The Midwest Bank & Trust Company,
Trustee, *et al.*, Defendants).

Second District   No. 2—85—0169

Opinion filed September 23, 1985.

David Drenk, Douglas Drenk, and Mardyth E. Pollard, all of Guerard, Konewko & Drenk, Ltd., of Wheaton, for appellant.

Bashaw & Associates, P.C., of Hinsdale, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Pete Occhipinti, brings this interlocutory appeal from an order of the circuit court of Du Page County which, upon motion of plaintiff, Citicorp Savings of Illinois, F.A., appointed a receiver for certain real estate which is the subject of a pending mortgage foreclosure proceeding. On appeal, defendant challenges the appointment as unnecessary for the protection of the property and as an abuse of the trial court's discretion.

Plaintiff has not filed a brief on appeal, and review of this case is appropriate in accordance with the principles established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

This litigation began when plaintiff filed a complaint to foreclose mortgage, alleging that payment of monthly installments was then more than nine months in arrears and that the balance due on the mortgage was $39,255.75. In addition to other relief, plaintiff prayed for appointment of a receiver *pendente lite*, a remedy provided the mortgagee under the terms of the mortgage.

Prior to the filing of defendant's answer, plaintiff filed a petition for appointment of a receiver. Plaintiff alleged that the property in question was improved with a single-family dwelling and that the property was being wasted. Plaintiff therefore requested that a receiver be appointed with full powers to operate, manage and conserve the property. Defendant opposed the petition, presenting an affidavit that the subject property is in a building with six condominium units, one of which he owned. This unit was occupied by a third party who was paying defendant rent and maintaining the property as agreed. A hearing was held at which the court was presented an "Affidavit of Mortgagee," reciting that accrued interest to date on the property was $4,953.30, and that, together with the principal balance and sums

advanced by the mortgagee in respect of the property, the total indebtedness was then $44,757.39. The court was also presented with a copy of a notice to defendant from the Willow Oaks Condominium Association to the effect that defendant was 24 months in arrears on payment of his maintenance fee, the arrearage totaling $1,056. This notice requested that defendant respond within 30 days and stated that if there were no response by February 15, 1985, "the account will be placed into the hands of our attorney for collection."

The trial court found that defendant had used the condominium unit as investment property, apparently accepting rents from a tenant for over two years. While an assignment of rents had been executed in favor of plaintiff, affording plaintiff a remedy it had not sought to exercise, defendant had failed to make payments to the condominium association, as well as mortgage payments. The court further found that the mortgage provided for appointment of a receiver. Accordingly, a receiver was appointed, and defendant filed a timely notice of interlocutory appeal.

The sole issue presented is whether, due to deficiencies in pleading or lack of a sufficient showing, the trial court erred in ordering the appointment of a receiver.

We first consider defendant's attack upon the adequacy of the petition for appointment of a receiver. He contends both that the petition was inadequately verified and that it contained insufficient averments of fact to provide a basis upon which the relief sought could have been granted. The petition was verified by Steven B. Bashaw, one of the plaintiff's attorneys, and stated that "he has read the above and foregoing petition *** and he knows the contents thereof and the same is [sic] true in substance and in fact." It should be noted at the outset that defendant did not include this ground in his motion to strike plaintiff's petition, but did orally argue this matter in the trial court as a basis upon which the petition could be denied. Further, the court stated that, "I tend to agree that it is an undesirable thing for Counsel to verify these matters. They very well may prejudice their position in continuing the case, because once they verify a matter, they become almost parties to the lawsuit."

■ It has been held that allegations of a pleading verified on information and belief are insufficient to support the appointment of a temporary receiver. (*Fox v. Fox Valley Trotting Club, Inc.* (1953), 349 Ill. App. 132.) However, an attorney having personal knowledge of the facts set out in a pleading is not precluded from verifying that document. (*Standard Bank & Trust Co. v. Cooper* (1968), 100 Ill. App. 2d 42.) Although *Conway v. Conners* (1981), 101 Ill. App. 3d 121, cited

by defendant, supports the proposition that an attorney's unsworn "certificate" in which he "certifies that the matters set forth herein are true" is insufficient to constitute a verification (101 Ill. App. 3d 121, 130), the attorney's sworn certificate in the present case included averments that counsel had read the petition, knew the contents, and that the same were true in substance and fact. This was an adequate verification of the petition, and we reject the first prong of the defendant's argument.

■ We next consider the sufficiency of the petition for appointment of a receiver. The petition alleged that a complaint for foreclosure of mortgage had previously been filed. The petition also described the location of the property and the amount of the unpaid balance on the mortgage. It was further alleged "that said property is being wasted and that the appointment of a receiver is necessary to protect the property during the expiration of the equity of redemption." Defendant points out that the petition failed to allege any facts showing waste and maintains that it was improper to appoint a receiver based upon the conclusional allegations in the petition.

Defendant relies upon *Cohen v. Financial Acceptance Co.* (1965), 56 Ill. App. 2d 359, 363-64, for the proposition that "our courts have long held that a petition for appointment of a receiver must set forth specific facts and must not contain mere legal conclusions of the pleader." However, that case involved the subject of corporate dissolution and the court's statement regarding the requisite specificity of the petition was specifically based upon a construction of the Illinois Business Corporation Act (Ill. Rev. Stat. 1963, ch. 32, par. 157.86). In the context of the foreclosure of mortgages, section 15—114 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 15—114) provides for the appointment of a receiver *pendente lite* "in a short form complaint ***." However, the statute is concerned with the construction to be placed upon a shortened prayer for relief and does not state the extent to which a short form of pleading may be employed to set out the allegations of grounds required for appointment of a receiver. Appointment of a receiver in this context is an interlocutory measure, and the pleading necessary to initiate a request for appointment of a receiver should not be required to meet the same stringent requirements for pleading of facts as is necessary to commence a suit. This does not, however, mean that a petition stating mere conclusions will suffice to justify the appointment of a receiver. Indeed, the teaching of *Cohen v. Financial Acceptance Co.* (1965), 56 Ill. App. 2d 359, is that where the pleadings provide an inadequate basis for appointment of a receiver and where there is no evidentiary hearing, appoint-

ment of a receiver is error. This approach is consistent with that taken in *Stella v. Mosele* (1939), 299 Ill. App. 53, 57, which observed that "the burden is upon the applicant for a receiver to present facts by his verified bill, petition, *or evidence* showing the necessity for such an appointment." (Emphasis added.) An appointment of a receiver is not necessarily fatal where the sole defect alleged in the procedure by which the receiver was appointed is the failure to allege in the petition sufficient facts warranting the appointment. The appointment may be upheld if sufficient facts were disclosed at the hearing on the petition to warrant an award of the relief requested.

■ In the case at bar, the allegation of waste was general and conclusional, but the concept of waste, particularly as it applies to residential property, is well understood, was amplified upon by plaintiff's counsel at the hearing and was responded to by the attorney for defendant on a point-by-point basis. In the circumstances, we will not reverse the trial court's order on the sole basis of an alleged deficiency in pleading.

■ We next turn to the question of whether plaintiff established sufficient grounds for the appointment of a receiver. Defendant asserts that plaintiff's claim of waste was entirely speculative and was, in view of controverting evidence presented by defendant, an inadequate basis upon which a receiver could be appointed. At the hearing on the petition, plaintiff relied extensively upon the letter from the condominium association regarding the arrearage in maintenance fees. Plaintiff argued that it was not adequately protected inasmuch as the property could fall into waste or disrepair as the result of curtailment of services by the condominium association. Thus, a water shutoff might "possibly" cause the pipes to freeze and burst, resulting in serious damage to the premises. In the event the association refused to continue garbage collection, there might be vermin or roach infestation. Further, if the walks were not shoveled someone could fall and be injured on the property. Contending that services would be cut off to the unit if the arrearage was not paid in full by February 15, 1985, plaintiff asserted that the mortgaged unit would resultantly fall into waste and disrepair, sustaining irreparable injury and serious damage. Plaintiff also asserted that assessment payments "could possibly" have priority over the amount owed on the mortgage. In a related argument, plaintiff also maintained that appointment of a receiver was necessary since rents received by defendant from a tenant were being dissipated, and since the total amount due on the property exceeded the value of the condominium, a unit in which defendant had no equity.

The power of the court to appoint a receiver is in derogation of the fundamental property right of the legal owner to possession and enjoyment of his property. This power should be exercised only with caution and only where the court is satisfied that exercise of the power is necessary to prevent the imminent danger of loss. (*Bagdonas v. Liberty Land & Investment Co.* (1923), 309 Ill. 103.)

> "The general rule is that the applicant must show, first, that he has a clear right to the property itself or has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and second, that the possession of the property by the defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct or insolvency." (309 Ill. 103, 110.)

In the context of a proceeding to foreclose a mortgage, more must be shown than that the debt is in default, the obligors are insolvent and the security is scant. (*First National Bank v. Fraker* (1982), 111 Ill. App. 3d 140.) Further, the extent of the showing which must be made is stronger in a proceeding for receivership conducted prior to answer than that required in a case where the answer is on file. (*First National Bank v. Fraker* (1982), 111 Ill. App. 3d 140, 143-44; *Iowa Structures Unlimited, Inc. v. First National Bank* (1981), 99 Ill. App. 3d 180; *Steinwart v. Susman* (1968), 94 Ill. App. 2d 471.) It is improper to appoint a receiver on the basis of the pleadings where controverted issues of fact are presented, requiring the hearing of evidence for their resolution. (*Wolf v. Greek American Realty Co.* (1963), 40 Ill. App. 2d 292.) Further, speculative fear of loss to the property is an inadequate basis to warrant the appointment of a receiver. *Leib v. Toulin, Inc.* (1983), 113 Ill. App. 3d 707; *W. E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1983), 112 Ill. App. 3d 847.

■ In the instant case, the petition for appointment of a receiver alleged that the property was being wasted, but plaintiff's presentation before the court consisted only of a claim that the property would be subject to waste if the condominium association ceased to provide the premises with essential services. As defendant notes, the notice by the association did not contain a threat to discontinue services, only a warning that defendant's delinquent account would be turned over to an attorney for collection. The court was not furnished with any basis to believe that the subject premises might suffer damage due to a discontinuation of water, heat, refuse collection or maintenance. Accordingly, to the extent the trial court relied upon such a basis for its decision to appoint a receiver, it erred. The court also was

concerned that defendant's failure to make contributions toward an assessment representing a joint undertaking of expenses was in effect "penalizing all the rest of the people who are making payments." While this fact appeared to influence the court in its decision to appoint a receiver, we find no basis for providing such a remedy for the benefit of third parties not otherwise involved in the litigation, particularly when the extent to which such third parties might actually be harmed by the failure of one condominium owner to make payments was itself necessarily a matter of speculation. Plaintiff failed to offer any evidence regarding the market value of the mortgaged property, so that it cannot be said whether the amount owing on the premises is in fact greater than the property's value. We also do not believe that appointment of the receiver was justified because of alleged dissipation of rents. Plaintiff had not alleged diversion of rents in its petition for appointment of a receiver, and there was no evidence regarding the amount of rent being paid for the property, nor the disposition by defendant of the rental proceeds. Further, defendant argued that plaintiff had a remedy in the form of an assignment of rents, of which it had failed to avail itself. Plaintiff did not challenge this assertion, and plaintiff's own pleading recited that the provisions of the mortgage pledged all rents, issues and profits due or to become due as additional security. The rule is that appointment of a receiver is warranted only where there is no other adequate remedy or means of securing the desired result. *Leib v. Toulin, Inc.* (1983), 113 Ill. App. 3d 707, 720. It is obvious there was an available alternate remedy.

For the reasons stated, the judgment of the circuit court of Du Page County is reversed.

Reversed.

SCHNAKE and STROUSE, JJ., concur.