RUTH SCHWARTZ *et al.*, Plaintiffs-Appellees, v. GREAT CENTRAL INSURANCE COMPANY, Defendant-Appellant.

Fifth District   No. 5—88—0344

Opinion filed September 20, 1989.

Richard A. Cary and Janie F. Smith, both of Wham & Wham, of Centralia, for appellant.

George C. Lackey, of Lackey & Warner, P.C., of Centralia, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Prior to August 1, 1984, plaintiff Ruth Ann Schwartz owned and operated a clothing store under the name of Schwartz Dress and Bridal Shop, in Centralia, Illinois. Steve Schwartz, an independent insurance agent, acting on behalf of Ruth Ann Schwartz, obtained a workmen's compensation policy of insurance for Ruth Ann Schwartz through the brokerage department of Rockford Mutual Agency, whereby Great Central Insurance Company agreed to provide workmen's compensation and employer's liability coverage to Ruth Ann Schwartz. Great Central Insurance Company issued the policy to "Ruth Ann Schwartz d/b/a Schwartz's," said policy having an effective date of October 27, 1983, to October 27, 1984. On the face of the policy there were four categories preceded by blocks. The block preceding the category labeled "individual" had been checked, with the other blocks having descriptive labels of "partnership," "corporation" and "other," being blank.

At the time the policy was issued, Schwartz's Dress and Bridal Shop employed three persons. On August 1, 1984, plaintiff's shop was incorporated under the name of Schwartz Dress and Bridal Shop, Inc. After incorporation the clothing store remained at its preincorporation location, the nature of the business did not change, and Ruth Ann Schwartz continued to manage the business as she had done previously. Subsequent to incorporation, a renewal certificate on the workmen's compensation insurance policy was mailed via Rockford Mutual agency or a Rockford Mutual agent, to Steve Schwartz, d/b/a Schwartz's Insurance Shop. The renewal certificate listed the insured as "Ruth Ann Schwartz d/b/a Schwartz's." The certificate once again contained four categories preceded by blocks. The block preceding the category labeled "individual" had been checked, with the other blocks having descriptive labels of "partnership," "corporation" and "other" being blank.

Plaintiff claims that on March 11, 1985, she sustained injuries while working as an employee of Schwartz's Dress and Bridal Shop, Inc. Ruth Ann Schwartz filed a workmen's compensation application

for claim with Great Central Insurance Company against her employer "Schwartz's Dress and Bridal Shop, Inc." Great Central Insurance denied coverage under the workmen's compensation renewal certificate. Great Central Insurance reasoned that it had no contract of insurance with "Schwartz's Dress and Bridal Shop, Inc.," covering the employee Ruth Ann Schwartz.

Plaintiff urges that on or about August 1, 1984, she notified Steve Schwartz of the incorporation of her business. Defendant contends that at no time prior to March 11, 1985, the date upon which Ruth Ann Schwartz was allegedly injured on the job, did plaintiff notify Steve Schwartz of the incorporation of her business, and it wasn't until March 14, 1985, that Great Central was notified of the change. Subsequently Great Central allowed an endorsement to the renewal certificate, amending the named insured to read "Schwartz's Dress and Bridal Shop, Inc.," effective March 14, 1985.

Plaintiff filed a complaint in the circuit court of Marion County, praying that the court enter a declaratory judgment finding Great Central Insurance Company liable to plaintiff under the renewal certificate of insurance despite the discrepancy in names of the insured. Thereafter plaintiff filed a motion for summary judgment, alleging as grounds that in addition to the above facts, subsequent to August 1, 1984, and prior to October 20, 1984, the defendant Great Central Insurance, through its agents, employees or brokers caused an audit of the plaintiff business to be conducted to determine the amount of premiums to be paid by the plaintiff business, but failed during that audit to note that the business had earlier been changed from a sole proprietorship to a corporation. Plaintiff at all times paid the premiums due under the policy and the renewal certificate at issue herein, and said premiums were accepted and retained by the defendant. Plaintiff also notes that subsequent to incorporation she paid the premiums with a business check which clearly notes the name of the business as "Schwartz's Dress and Bridal Shop, Inc."

Defendant filed its motion for summary judgment urging that the court award judgment in its favor, reasoning that at no time was there issued by defendant an insurance policy providing workmen's compensation coverage to Ruth Ann Schwartz as an employee.

The court in its order dated April 22, 1988, granted plaintiff's motion for summary judgment. The court stated in its ruling that the parties intended to insure under a workmen's compensation policy the employees of a certain clothing business known as "Schwartz's," regardless of whether it was owned by an individual, a partnership or a corporation. The court further found that the fact that the named in-

sured was not changed on the policy after plaintiff incorporated the business was a mutual mistake of fact. Defendant filed a motion for reconsideration of the court's order and to enter judgment in defendant's favor. On May 3, 1988, the court issued its order granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment. Defendant whereupon filed its appeal.

Plaintiff first raises the argument that defendant's brief is wholly insufficient with regard to Supreme Court Rule 341 dictating the proper form of briefs. (113 Ill. 2d R. 341.) Plaintiff contends that defendant-appellant's brief substantially departs from the requirements of Supreme Court Rule 341 with regard to the form of the summary statement or "points and authorities," defendant's "statement of facts" and "statement of the issues." Plaintiff further cites as deficient the section of defendant's brief entitled "statutes involved." Plaintiff argues that as there is no issue in the case involving the construction or validity of any statute, defendant erred in including said section in its brief.

■ We acknowledge that a court of review is entitled to have briefs submitted that are articulate, organized and present a cohesive legal argument in conformity with supreme court rules. (*In re Application of Anderson* (1987), 162 Ill. App. 3d 815, 819, 516 N.E.2d 860, 863.) We disagree with plaintiff that the defendant's brief fails to substantially comport with Rule 341. Defendant's brief properly and informatively states the alleged errors relied upon for reversal. We are a tribunal of justice and are not inclined on this occasion to deprive the parties in interest of the benefit of our views on the substantive issues. *Coffey v. Hancock* (1984), 122 Ill. App. 3d 442, 444, 461 N.E.2d 64, 66-67.

We next address technical issues which plaintiff has raised in opposition to this appeal. It is plaintiff's contention that the defendant's answer to plaintiff's complaint was purportedly verified by defendant's attorney. Plaintiff argues that the verification contains no statement that the affiant has any knowledge regarding this case, or the facts contained in the complaint. It is alleged that the purported verification of defendant's answer is therefore insufficient and the allegations of plaintiff's complaint must be deemed admitted.

■■ Section 2—605 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—605) provides that if any pleading is verified, every subsequent pleading must also be verified unless verification is excused by the court. Section 2—610 further directs:

> "(b) Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his or her

pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny." (Ill. Rev. Stat. 1987, ch. 110, par. 2—610.)

Both parties concede that an attorney having personal knowledge of the facts set out in a pleading is not precluded from verifying that document. (*Citicorp Savings of Illinois, F.A. v. Occhipinti* (1985), 136 Ill. App. 3d 835, 837, 483 N.E.2d 706, 708.) Plaintiff would have us wholly disregard defendant's answer on grounds that defendant's pleading is insufficient and does not qualify as a verified pleading. Plaintiff fails to acknowledge that the verification attached to defendant's answer included averments that counsel was retained to defend the defendant in this cause, and that both counsel and defendant lacked sufficient information at this time to form a belief as to the truth of the allegations contained in plaintiff's complaint. Defendant's counsel of record further affixed his notarized statement to said verification, stating that he has read the foregoing answer and is acquainted with the contents and that the matters contained therein are true and correct to the best of his knowledge. The law has outgrown its primitive state of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today. (*Weingart v. Weingart* (1959), 23 Ill. App. 2d 154, 165, 161 N.E.2d 714, 719.) It is our judgment that the verification is sufficient.

Plaintiff further alleges defendant never claimed in the trial court that there existed any disputed issue as to material fact. Plaintiff argues that defendant should therefore be precluded from raising the issue on appeal. By failing to alert the trial court of a possible question of fact, a party may be held to have waived the issue of the existence of a factual dispute. (*Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 211, 400 N.E.2d 1105, 1107; 2 Ill. L. & Prac. *Appeal & Error* §181 (1953).) Contrary to the assertions of plaintiff that defendant never claimed the existence of any disputed issue of material fact, defendant did file in the trial court its motion to strike portions of the affidavit of Ruth Schwartz, which was attached to plaintiff's motion for summary judgment. Defendant's motion to strike denied plaintiff's assertions of fact: (1) that the renewal certificate erroneously listed the insured as a sole proprietorship; (2) that there was an audit of plaintiff's business conducted by the defendant; (3) that the plaintiff did not learn of the discrepancy in the name of the insured on the policy until after she was injured on the job; and (4) that on August 1, 1984, plaintiff notified

the insurance agent Steve Schwartz of her business incorporation. In addition, defendant filed the affidavit of Ronald Collins, the workmen's compensation claims manager of Great Central Insurance Company. Mr. Collins averred on behalf of defendant that the policy and renewal certificate which his company issued to the plaintiff was at no time intended to insure the plaintiff Ruth Ann Schwartz. Mr. Collins stated under oath that prior to March 27, 1985, Great Central Insurance Company had no knowledge of the existence of the incorporation of plaintiff's business and it had not received notice of such incorporation. He further averred that there has never been an audit of the business records of plaintiff's business performed by Great Central Insurance or any of its agents or employees.

The deposition of Steve Schwartz, the insurance agent who procurred the workmen's compensation policy and the renewal certificate for the plaintiff, was also filed with the trial court. In that deposition Mr. Schwartz admits that he has at no time been involved in a direct contractual relationship with Great Central Insurance. He testified at the taking of his deposition that when his sister, the plaintiff in this case, presented the claim to him for the injuries she received on the job, he "knew one thing for sure, that if it went in as a d/b/a, there would be no coverage. At least I didn't think there would be because she was the owner." Furthermore, Mr. Schwartz stated at his deposition that he wasn't aware of the incorporation until after Ruth Ann Schwartz was injured on the job.

This is not a situation where defendant failed to contradict the facts supplied by plaintiff in filing for summary judgment. We note that the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 317, 511 N.E.2d 805, 807.) The defendant in the instant case filed pleadings as discussed *supra*, which did deny specific material allegations made by the plaintiff in her affidavit and the verified complaint. Defendant did not waive the issue of whether any material fact existed in this case, and therefore is not precluded from raising this issue on appeal.

With these technicalities resolved, we examine defendant's contention that the trial court erroneously granted plaintiff's motion for summary judgment.

Summary judgment shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The purpose of summary judg-

ment is not to try an issue of fact, but to determine whether a triable question of fact exists. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 495.) Summary judgment is a drastic remedy and must be awarded with caution in order to avoid preempting a litigant's right to trial by jury or his right to fully present the factual basis of a case where a material dispute may exist. (*Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 998, 473 N.E.2d 531, 534.) Moreover, the pleadings, affidavits, exhibits and depositions on file should be construed by the trial court strictly against the party moving for summary judgment and liberally in favor of the opponent. *Shockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 93-94, 392 N.E.2d 675, 677-78.

In this case there is no genuine dispute that Great Central Insurance Company issued a workmen's compensation insurance policy to Ruth Ann Schwartz, a sole proprietor, insuring her business for the period October 27, 1984, to October 27, 1985. It is not an issue herein whether Ruth Ann Schwartz was covered under the terms of the policy while she operated her business as a sole proprietor. The parties concur that on or about October 1, 1984, Great Central Insurance Company, through its agent or broker, Rockford Insurance Agency, issued a renewal certificate for a workmen's compensation and employer's liability insurance policy, listing the insured as "Ruth Ann Schwartz d/b/a Schwartz's." The parties in this case however, disagree as to the coverage afforded under the renewal certificate.

In the trial court's opinion allowing plaintiff's motion for summary judgment, the court stated that the parties intended to insure under a workmen's compensation policy the employees of a certain clothing business known as "Schwartz's" regardless of whether it was owned by an individual, a partnership or a corporation. The court further stated that the fact that the named insured was not changed on the policy when the plaintiff incorporated her business was a mutual mistake of fact. This finding is logically a result of the rule followed in Illinois regarding reformation of contracts. That rule, cited in *Black v. Illinois Fair Plan Association* (1980), 87 Ill. App. 3d 1106, 1108, 409 N.E.2d 549, 551, states:

> "In order to reform a contract of insurance the party seeking reformation must show by clear and convincing evidence that at the time the contract was executed there existed a mutual mistake of fact, not law, common to both parties to the contract, and that because of this mutual mistake of fact the policy as issued does not reflect the real agreement between the parties."

Plaintiff and defendant have both relied heavily on inferences they have drawn regarding the intent of the parties in procuring workmen's compensation insurance for "Schwartz's." From the record, fair-minded men could draw different conclusions as to what the parties intended. Summary judgment is particularly inappropriate where the parties seek to draw inferences on questions of intent. *State Bank v. Kewanee National Bank* (1973), 16 Ill. App. 3d 272, 274, 305 N.E.2d 732, 733.

■ Upon complete review of the record, this court is of the opinion that defendant has marshalled sufficient competent evidence to bring the intent of the parties into question. Affidavits and other documents on file suggest that at no time prior to plaintiff's injury was Great Central Insurance Company made aware of the corporate status of plaintiff's business. The affidavit of Ronald Collins, defendant's workmen's compensation claims manager, buttressed the evidence that Great Central had no knowledge of plaintiff's business being incorporated. Mr. Collins' statement that no audit of plaintiff's business records had ever been conducted also brought into question the intent of the parties in insuring plaintiff's business. The deposition of Steve Schwartz, the independent insurance agent who obtained plaintiff's workmen's compensation insurance policy from Rockford Mutual, further called into question the reliability of plaintiff's contention that defendant had been aware of the incorporation of her business and that she intended for her workmen's compensation insurance policy to provide coverage for her personally.

Although it is apparent that the trial court believed the evidence submitted by plaintiff was more probative than that offered by defendant, such weighing and apprising of the evidence is improper on a summary judgment motion. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 198, 484 N.E.2d 492, 497.) Resolving all reasonable inferences in favor of defendant, as we must (see *Schockley*, 74 Ill. App. 3d at 93-94, 392 N.E.2d at 677-78), we conclude that the trial court erred in granting plaintiff's motion for summary judgment. We further conclude that the trial court did not err in denying defendant's motion for summary judgment.

The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH, P.J., and HARRISON, J., concur.